HENRY RIPLEY *vs.* BENJAMIN G. COLLINS, administrator.

Dukes County.    October 23, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Probate Appeal — Hearing without the Venue — Insolvent Estate — Creditor.*

A single justice of this court sitting in equity may order a probate appeal to be heard in a county other than that in which it is brought.

The estate of a deceased person was represented insolvent, and commissioners were appointed who allowed the claim of a creditor, and the administrator appealed to this court, where, by a decree of a single justice, from which no appeal was taken, the claim was established, and the cause was remanded to the Probate Court in which a copy of the decree was filed. Subsequently one of the original commissioners resigned and another one was appointed in his place, and further proceedings were had before the commissioners wherein other claims were passed upon by them. *Held,* that the later proceedings of the commissioners did not affect the validity of the decree of this court, and that the creditor whose claim was thereby established was entitled to prosecute a petition to the Probate Court to compel the administrator to file a bond with sufficient sureties, and to collect certain assets of the estate consisting of property alleged to have been conveyed by the intestate in his lifetime in fraud of his creditors.

FIELD, C. J.  The estate of Grafton N. Collins, late of Edgartown, in the county of Dukes County, was represented insolvent by Benjamin G. Collins, the administrator, and Henry Ripley, on September 5, 1890, presented his petition to the Probate Court, representing that he was a creditor of the estate, and praying that the administrator be ordered to file a bond with sufficient sureties, and to collect certain assets of the estate, which consisted of property alleged to have been conveyed by said Grafton N. Collins in his lifetime, in fraud of his creditors. On May 24, 1894, the Probate Court entered a decree that the administrator file a bond with sufficient sureties, and that Ripley be empowered to bring suits to recover said property in the name of the administrator, first giving a bond, with sureties to be approved by the court, conditioned to indemnify the administrator against all costs and damages growing out of said suits. From this decree the administrator appealed to the Supreme Judicial Court. The alleged reason of appeal was that the Probate Court had erred in deciding that Ripley was a creditor of the estate. On motion of the petitioner, and after notice to the administrator, and a hearing of the parties, a single justice of this court, sitting in equity in Boston in the county of Suffolk, ordered this appeal to be heard in Boston on the second Tuesday of September, 1894, it appearing, as the order recites, "that unreasonable delay would result if the case were heard at the regular sitting of the court in Bristol County." The regular sitting of this court then next to be held by a single justice in Bristol County would not be held until after the regular sitting of the full court for that county; so that, if the case were not heard by a single justice until the regular sitting in that county, and an appeal were taken from his decision to the full court, this appeal would regularly be heard by the full court at its sitting to be held in that county in October, 1895. The single justice heard the appeal in Boston, and on September 12, 1894, entered a decree affirming the decree of the Probate Court, and remanding the cause to that court for further proceedings. From this decree the administrator appealed to the full court. The administrator also excepted to the order of the single justice directing the cause to be heard in Boston. The contention of the appellant is, that it was beyond the power of a justice of this court to

order the appeal from the Probate Court to be heard in Boston, in order to prevent unreasonable delay. His contention, in effect, is that the cause must be heard in the county where the petition was filed, unless both parties consent to a hearing elsewhere; and the foundation of the argument is that actions must be tried in the county in which they are brought, unless on the ground of local prejudice or some other cause they are removed into some other county in order to insure an impartial trial. St. 1887, c. 347. Under the statutes, the Supreme Judicial Court does not sit in the county of Dukes County, and the cause could not be tried there by that court; Pub. Sts. c. 150, § 35; St. 1891, c. 287; but the contention of the appellant perhaps does not go so far as to ask that these statutes should be held unconstitutional.

We are of opinion, however, that it is unnecessary to consider what the limits of the power of this court are under the Constitution and the statutes to try actions at common law, either with or without a jury, in counties other than that in which they were or should have been brought. This is not a suit at common law. By the Constitution of Massachusetts, c. 3, art. 5, " All causes of marriage, divorce, and alimony, and all appeals from the judges of probate, shall be heard and determined by the Governor and Council, until the Legislature shall, by law, make other provision." Under this provision, the Governor and Council did not sit in the several counties of the Commonwealth. By St. 1783, c. 46, the Legislature made the Supreme Judicial Court the Supreme Court of Probate, and provided for appeals to that court. See *Sparhawk* v. *Sparhawk*, 116 Mass. 315. Without citing all the statutes since passed on the subject, the Pub. Sts. c. 156, § 11, relating to probate appeals, provide that " Appeals and petitions for appeal shall be entered on the same docket with cases in equity, and shall have the same rights as to hearing and determination as such cases." See Gen. Sts. c. 117, § 14; St. 1859, c. 237, §§ 7, 12. The Pub. Sts. c. 151, § 23, relating to cases in equity, provide that " A single justice or the full court may, when needful, hear and determine cases pending in a county other than that in which such justice or court is sitting, or any motion therein. All orders and decrees made on such hearings shall be transmitted to the clerk in the

proper county, to be by him entered." See Pub. Sts. c. 151, §§ 25, 30, 31, 33; Gen. Sts. c. 113, §§ 18, 19, 20, 22, 26; St. 1859, c. 237, § 7; St. 1859, c. 196, §§ 49, 50; Rev. Sts. c. 81, § 20 *et seq.;* St. 1826, c. 109.

When the Constitution was adopted, the High Court of Chancery in England did not sit in the several counties of England, and the distribution of the assets of the insolvent estates of deceased persons in England was by a suit in equity. In Massachusetts there is no absolute right to a jury in equity cases or in probate appeals, except as provided for by the Constitution or the statutes; and this appeal is not within the provisions of the Constitution or of the statutes requiring a jury trial, and none was asked for by either party. We have, therefore, no occasion to consider the scope of St. 1885, c. 384, §§ 2, 3, in common law actions, or even in equity suits or probate appeals, because we have no doubt of the power of a justice of this court to order this appeal to be heard in Boston by virtue of the other provisions of statute we have cited, and of the rules which have been established for discouraging delays and expediting the decision of cases in equity and probate appeals. Pub. Sts. c. 151, § 33. Rule V. in the Order of Business in Suffolk County. *Thompson* v. *Goulding*, 5 Allen, 81.

The remaining contention of the appellant is that Ripley was not a creditor of the estate, and therefore not entitled to prosecute the petition. On this question the facts are briefly as follows. On September 1, 1890, the administrator represented the estate insolvent, and on September 19 two commissioners were duly appointed to receive proof of claims against the estate. They proceeded to perform their duties, and made their return on July 20, 1891. In the return the petitioner is put down as a creditor to the amount of $6,000. On October 11, 1891, the administrator appealed from the allowance of this claim to the Supreme Judicial Court, and this appeal came on to be heard at a regular sitting of this court in Bristol County; the appellant was called, and made default; and the court proceeded to examine the petitioner and his witnesses, and entered a decree that the said Grafton N. Collins, at the time of his decease, was indebted to the petitioner in the sum of $6,000, and interest up to the time of his decease, amounting in all to the sum of

$7,236.96; and was also indebted to the petitioner in the further sum of $98.26, and interest up to the time of his decease, amounting in all to the sum of $121.04; and ordered that the list of debts allowed by the commissioner should be altered to conform to this decree, and remanded the cause to the Probate Court for further proceedings. A copy of this decree was duly filed in the Probate Court on February 11, 1892. On February 15, 1892, one of the commissioners resigned, and his resignation was accepted, and on February 23, 1892, another commissioner was appointed in his place. Further proceedings were had thereafter before the commissioners, and they made a report of their doings, in which they disallowed an additional claim against the estate in favor of one Abbott; but this report did not include the name of the petitioner. No appeal was ever taken to the full court from the decree of a single justice of this court allowing the claim of the petitioner. When one of the original commissioners resigned, and a new commissioner was appointed in his place, the claim of the petitioner, against the estate had been established by a decree of a single justice of this court, from which no appeal had been taken, and a copy of this decree was then on file in the Probate Court. The proceedings of the commissioners after the new commissioner was appointed could not affect the validity of this decree, nor did their report purport to affect it. It purports to be a report of claims received and examined and " not included in the report already filed." The only want of regularity, if there be any, is that the Probate Court has not amended the list of claims so as to conform to the decree of the justice of this court; but this is merely a matter of form. Pub. Sts. c. 137, § 13. It was not in the power of the Probate Court, or of the commissioners, to alter the decree of the justice of this court, and they never undertook to alter it; and on the records of the Probate Court the petitioner appeared as a creditor by an adjudication which was final between the parties.

*Decree affirmed.*

*C. W. Clifford & G. C. Abbott,* (*O. Prescott, Jr.* with them,) for the appellant.

*H. M. Knowlton & A. E. Perry,* for the petitioner.