ference between the two cases, nor can he be persuaded that any of the declarations of law contained in the opinion of the court in the case cited were obiter. They were all essential to the decision there made that the surrogate was justified in directing that the fund be paid into court unless an administrator were appointed within a time prescribed.

The surrogate's decree there appealed from was proper, if the executor of the deceased executor could not legally pay the residue to the legatee, who was conceded to be its absolute owner. His decree was useless, and therefore improper, if he could have directed the payment of the fund to the person who held the absolute title to it. Hence the opinion that the payment to the residuary legatee could not be made by the representative of the deceased executor was material to the result and became an authoritative statement of the law.

The representative of a deceased trustee, equally with the representative of a deceased executor, must find a successor in the original trust or office and account to him. No other payment will discharge him, and deposit in court will simply pass on the same vexation to the court, which in turn can only permit the fund to be placed in the hands of a successor to the primary trustee. It is better that a great inconvenience be imposed upon one estate than that a statutory rule wholesome in the main and inevitable in its operation be distorted or evaded.

Decreed accordingly.

---

(77 Misc. Rep. 432.)

### In re HEIST.

#### (Surrogate's Court, Kings County. July, 1912.)

TRUSTS (§ 274*)—TESTAMENTARY TRUSTS—EXPENSES OF TRUST.

Where a will directed the trustee to collect the rents and profits of the residuary estate, and after payment of expenses to pay the remainder to a sister of testator for life, and then to turn over the trust property to a niece, expenses of the trustee in defense of the corpus of the estate and in an endeavor to increase the same are not chargeable against the income.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. § 274.*]

In the matter of the judicial settlement of the accounts of Mary Heist, trustee of Philip Heist. Decree rendered.

David M. Neuberger, of New York City, for trustee.
Henry M. Dater, of New York City, for contestant.

KETCHAM, S. The residue is devised with the following provisions:

"And I direct that the said trustees collect the rent, interest, profits and income of the said property and after paying all necessary expenses, then to pay the net amount of interest, profits and income remaining as directed in the following paragraph.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Eighth. I direct that the trustees hereinafter named pay to my sister, Mary Heist, the net interest, profits and income referred to in the preceding paragraph during her natural life.

"Ninth. Upon the death of my said sister, Mary Heist, I then direct that the trustees hereinafter named turn over absolutely to Ella Denyse, the daughter of my nephew George Denyse, all of the said trust property mentioned in the preceding two paragraphs."

The accountant is the sole trustee. Expenses have been incurred by her in defense of the corpus of the trust and in an endeavor to increase the same. The claim that these expenses should be charged against the income of the trust is made upon the testator's provision that the trustees should, "after paying all necessary expenses," pay over the net income. It is argued that the words "all necessary expenses" contemplate every disbursement conceivably required in the discharge of the trust, and the contestant insists that the same meaning is to be derived from the provision that "all of the said trust property" shall be turned over to the remainderman.

It is not manifest that the testator intended by the words "all necessary expenses" any other expenses than those necessary to the collection and administration of the income. The stress which is laid upon the word "all" loses much force when it is seen that the habit of the will is to superfluously apply the word throughout the instrument. There is a gift to "all the heirs" of the decedent's brother. The gift in trust is "of all the residue." The trust is declared to be subject to "all the conditions" prescribed in the will. The word, when used to qualify the phrase "necessary expenses," should receive no emphasis in the particular instance greater than in the other cases where it has no conceivable meaning. If, however, it should be given the significance on which the contestant insists, it would be balanced by the word "necessary." The expenses referred to are those which are necessary to the collection of the income and its payment.

The phrase "all necessary expenses" is primarily, if not inevitably, limited to the processes intended and required by the specific provision in which it is found. It is as if the testator had directed that the trustees collect the income and pay the same after all the expenses "necessary" to the operation of collection and payment. It is not imaginable that the testator intended to burden the life tenant's income with the expenses ordinarily chargeable to the principal any more than that he intended that the income should pay the expenses which the executor as such incurred.

The words used lend themselves to an argument that expenses of probate were contemplated as readily as they could encourage the claim now made by the contestant. Commissions on the receipt and application of income are chargeable only upon the income. Costs of the accounting will be charged equally upon income and principal.

Findings should be submitted in accordance with these views.

Decreed accordingly.