AMERICAN SURETY COMPANY OF NEW YORK *vs.* ALFRED C.
VINTON, administrator with the will annexed, & another.

SAME *vs.* SAME.

SAME *vs.* SAME.

MARLAND L. PRATT *vs.* AMERICAN SURETY COMPANY
OF NEW YORK.

ALFRED C. VINTON, administrator with the will annexed, *vs.* SAME.

Suffolk.    March 16, 1916. — May 24, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Severance of joint liability by death. *Surety. Guarantor.
Contract. Assignment.*

A joint liability in contract is severed by the death of one of the joint promisors
and thereupon the promisee may proceed severally either against the surviving
promisor or against the representative of the estate of the deceased promisor.

In consideration of a surety company becoming surety on each of the bonds given
separately by two joint trustees, the two trustees made a contract in writing
with the surety company agreeing to indemnify it for all liabilities incurred upon
the bonds.  One of the trustees from time to time misappropriated to his own
use securities and money belonging to the trust fund.  His co-trustee negligently
contributed to this result either by signing the transfers of certificates of the
shares of stock misappropriated or by authorizing the embezzling trustee by
power of attorney to sign his name as trustee.  The acts of the embezzling trus-
tee were such that the surety company should have been put upon its guard,
but it had no actual knowledge of the misuse of the trust funds and acted in
good faith.  In an action on the bond of the embezzling trustee the surety com-
pany was held liable as surety and paid a judgment for the amount of the sum
misappropriated.  The co-trustee whose negligence had contributed to the mis-
appropriation died, and the surety company sued the executor of his will on the
agreement of indemnity given to it by the trustees.  The defendant contended
that the surety company had lost its right of action on the agreement by its neg-
ligence in not discovering earlier the fact that the embezzling trustee was mis-
appropriating the trust funds.  *Held,* that, the contract being one of guaranty
given for the protection of the plaintiff, it owed no duty to the defendant's tes-
tator, who was one of the joint guarantors, to keep him advised as to the dealings
with the trust property by his co-trustee and co-guarantor, it being the business
of the defendant's testator to protect himself by seeing that his co-trustee per-
formed the guaranteed duties.

In the action described above one of the claims made by the plaintiff was for unpaid
premiums on the bonds from 1904 to 1912 inclusive.  It appeared that in Novem-
ber, 1902, a new trustee took possession of what remained of the trust property

and that in December, 1902, the embezzling trustee was removed. In February, 1904, the action on his bond was brought. In May, 1905, the co-trustee, the defendant's testator, died. By the agreement of indemnity the trustees had agreed to pay to the surety company, the plaintiff, "as fee or premium, $50, on the 20th day of July, in each year hereafter until we shall serve upon the surety company a certified copy of an order of court releasing or cancelling said bond or other competent written legal evidence of the termination of its liability as surety upon such bond." *Held*, that, as the embezzling trustee was removed in December, 1902, no liability could have accrued against a surety for him by reason of his conduct after that date, and that, as the defendant's testator died in May, 1905, the only premium for which his estate could be held was that due on July 20, 1904, for $50 with interest thereon to the date of his death.

In the action described above one of the defendants held assignments of the interests of the two trustees as beneficiaries of the income of the trust fund as security for their indebtedness to him. *Held*, that this defendant as assignee stood in no better position than his assignors.

De Courcy, J. In 1896, Henry E. Weston and William H. Weston were appointed trustees under the will of Nathaniel Weston, and gave separate bonds to the judge of probate, in the penal sum of $150,000 each, with the American Surety Company of New York as surety. Henry E. Weston was removed as trustee in 1902. In 1904 an action was begun against him and the surety company on his probate bond; judgment for the penal sum was entered in 1905, and the case was referred to an assessor to determine the amount for which execution should issue. Delay in the proceedings was occasioned by the death of William H. Weston in 1905 and by controversies over the allowance of his will. The assessor filed his report in February, 1913, and the case was brought before this court on report. *Harmon* v. *Weston*, 215 Mass. 242.

In accordance with the rescript the surety company paid to Cogswell, the present trustee under the will of Nathaniel Weston, the sum of $184,839.52, which included costs and interest from May 1, 1905, and Cogswell subsequently repaid to the surety company the sum of $20,000 on account of the share of Henry E. Weston in the income of the trust fund accruing subsequent to May 1, 1905.

Alfred C. Vinton (herein called the defendant) was appointed administrator with the will annexed of William H. Weston in 1911; and thereafter duly represented the estate insolvent. The surety company (herein referred to as the plaintiff) seasonably presented to the commissioners three claims; one for $164,839.52, money paid in satisfaction of its liability on the bond of the co-trustee

Henry E. Weston, already mentioned; another for $4,368.32, legal expenses incurred in consequence of having executed the bonds as surety; and a third claim for $900, being premiums on the bonds since 1903. From the report of the commissioners appeals were filed and were entered in the Superior Court by the plaintiff surety company, the defendant Vinton and the defendant Pratt, a creditor of the estate. The five appeals were consolidated and were heard in the Superior Court and now are before us on a report.*

1. The liability of William H. Weston's estate to the surety company has been argued mainly as it arises out of the agreement of indemnity, which was given to the surety company by Henry E. Weston and William H. Weston at the time the probate bonds were executed. By its terms this agreement created a joint liability to indemnify and save harmless the surety company from all damages, liabilities and expenses whatsoever. See *Harmon* v. *Weston, ubi supra.* The cause of action was severed by the death of William H. Weston and either could be proceeded against. *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361.

It is strongly urged by the defendants that the surety company has lost its right of action against them by its negligence in not earlier discovering the fact that Henry E. Weston was withdrawing and appropriating to his own use the securities and money of the trust estate. The tabulated statement prepared by the defendants, showing the dealings of Henry with the trust assets, indicates that officers of the surety company should have been put upon their guard. On the other hand, it seems clear that William H. Weston himself contributed to the proceedings which resulted in the loss, either by signing the transfers of stock or by authorizing his co-trustee to do so by a power of attorney. It is not contended that the surety company actually knew of the misuse of the trust fund or that it acted in bad faith. And the controlling consideration is that the legal duty of the plaintiff surety company was not that of a surety holding trust property as collateral security. The indemnity agreement was given to protect the surety company and not the indemnitors. The company was in the position of the obligee of a bond with sureties given to a creditor by a debtor. Such creditor owes no duty of active diligence to take care of the interest of the surety; and his mere inaction will not discharge the

* Made by *Irwin*, J.

surety, unless it amounts to fraud or concealment.  The plaintiff surety company owed no legal duty to William H. Weston to keep him advised of his brother's dealings with the trust property; and as he was surety for his brother Henry under the agreement of indemnity, it devolved upon him to protect himself by seeing that his brother performed the guaranteed duties.  *Watertown Fire Ins. Co.* v. *Simmons,* 131 Mass. 85.  *Welch* v. *Walsh,* 177 Mass. 555.

As the plaintiff company is entitled to recover under the agreement of indemnity, it is not necessary to consider its right to be subrogated by operation of law to the rights of the trust estate against the trustees, on paying the amount of the defalcation, — a right expressly reserved in said agreement.  *Blake* v. *Traders' National Bank,* 145 Mass. 13.  See *Harmon* v. *Weston, ubi supra.*

In the action on the probate bond judgment was entered as of May 1, 1905.  The amount of the deficit in the principal of the trust fund which the surety company had to make good was $123,-825.99.  See *Harmon* v. *Weston, ubi supra.*  This amount it is entitled to have allowed, with interest thereon to May 21, 1905, the date of the death of the debtor William H. Weston, — in accordance with the warrant of the Probate Court to the commissioners.  *Williams* v. *American Bank,* 4 Met. 317.  *Bowers* v. *Hammond,* 139 Mass. 360.

2. Under the terms of the indemnity agreement the surety company was entitled to reimbursement for legal expenses incurred. It could prove against the estate of William H. Weston debts due at any date before the return of the commission.  In computing the net amount due on May 21, 1905, the time of the death of the deceased, the commissioners properly deducted the rebate of interest, in accordance with the warrant issued to them.  *Westfield* v. *Mayo,* 122 Mass. 100.  *Deane* v. *Caldwell,* 127 Mass. 242.

3. The third claim of the plaintiff company is for unpaid premiums from 1904 to 1912 inclusive.  As already appears, Cogswell, the new trustee, took possession of the remainder of the trust property in November, 1902.  Henry E. Weston was removed as trustee in December, 1902, and action was brought on his bond on February 18, 1904.

William H. Weston died on May 21, 1905.  By the agreement of indemnity each of the Westons promised to pay to the surety

company "as fee or premium, Fifty dollars ($50.00), on the 20th day of July, in each year hereafter until we shall serve upon the Surety Company a certified copy of an Order of Court releasing or cancelling said Bond or other competent written legal evidence of the termination of its liability as surety upon such bond."

The premium, payable yearly in advance, is the consideration received by the company for assuming or continuing the legal responsibility of a surety for the ensuing year. As Henry E. Weston ceased to be trustee in December, 1902, no liability could have been incurred by him as trustee or by a surety for him, by reason of his conduct after that date. And the facts would fully warrant the finding of a waiver by the company of written evidence of his removal. After the appointment of Mr. Cogswell as a trustee in November, 1902, the trust securities were taken by him to the office of the plaintiff company, and left there until after Henry was removed as trustee. And as William H. Weston died in May, 1905, the only premium for which his estate can be held is that due on July 20, 1904, for $50, with interest thereon to the date of his death.

The defendant Pratt, who holds assignments of the interest of the Westons in the income of the trust estate as security for their indebtedness to him, stands in no better position than his assignors. Subrogation "operates in equity as an assignment of the debt and the securities to the surety. The right of subrogation and the equitable assignment relate back to the time of entering into the contract of suretyship, as against the principal and those claiming under him." Sheldon on Subrogation, (2d ed.) § 87. *Belknap* v. *Belknap*, 5 Allen, 468.

Judgment is to be entered on the three claims of the plaintiff in accordance with this opinion. R. L. c. 142, § 13. *Ripley* v. *Collins*, 162 Mass. 450. The cross appeals are to be dismissed.

*Ordered accordingly.*

*H. Wheeler,* for the American Surety Company of New York.

*A. C. Vinton,* administrator of the estate of William H. Weston, *pro se.*

*J. H. Stone,* for Marland L. Pratt.