WALTER C. COGSWELL, trustee, *vs.* HENRY E. WESTON & others.

Essex.   November 10, 1916. — September 20, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Capital and Income. Trust,* Apportionment of expenses caused by misappropriation.

Where the two trustees holding a trust fund created by will were also the beneficiaries for life of the trust, being entitled to the income of the trust in equal shares, and where one of these trustees wilfully misappropriated a large amount of the trust property and in consequence was removed, and his co-trustee, who was shown to have been culpably negligent in permitting the misappropriation to occur, died, and thereafter a new trustee was appointed, to whom a surety company, which was the surety on the bond of the defaulting trustee, paid the amount of the defalcation, the new trustee was instructed that he should pay the general expenses of the investigation of the trust estate and of the doings. of the former trustees, which had resulted in the exposure of the extensive misappropriations, and also should pay the expenses incident to the recovery of certain real estate in another State from an attempted fraudulent sequestration of it by the dishonest trustee, out of income in his hands which under the terms of the trust would go to the former trustees as beneficiaries, instead of paying these expenses from the capital of the trust which belonged to blameless remaindermen, because the expenses were caused by the misconduct of one beneficiary and the culpable carelessness of the other.

In the case stated above it was *pointed out*, that the fact that one of the former trustees and beneficiaries had died was immaterial, as those who claimed under the beneficiaries stood in their shoes.

In the same case it also was *pointed out* that the fact, that the full amount misappropriated from the capital of the trust fund had been restored by the surety upon the probate bond of the defaulting trustee, did not change the equities of the case, because, after the amount taken had been paid back, the trust fund still would be depleted by the amount of the expenses named above.

Upon the same bill for instructions, in answer to another question, it was *held*, that the expenses incidental to the prosecution of the action on the probate bond against the defaulting trustee and his surety could not be charged to income, because of the theory of the law that the taxable costs prescribed by the Legislature and recoverable in such an action on the bond were a full indemnity for these expenses. Following *McIntire* v. *Mower*, 204 Mass. 233.

In the same case it also was *held*, that, if the new trustee, before the payment made by the surety, had found the trust fund so depleted that he was obliged at the start to use some of the capital to meet the general expenses caused by the faithlessness of the trustees, the capital should be made whole by restoring to it this amount out of the income payable to the beneficiaries whose active or culpable fault as trustees had caused the expenses.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on January 28, 1916, by the present trustee under the will of Nathan Weston, late of Salem, for instructions.

The questions on which the plaintiff sought instructions were as follows:

"1. Should the charges and expenses attending the investigation of the trust estate and of the acts and doings of the former trustees in relation thereto be charged in the account of the plaintiff against the principal or income of the trust?

"2. Should the charges and expenses attending the recovery of the Chicago real estate be charged in the account of the plaintiff against the principal or income of the trust?

"3. Should the charges and expenses attending the suit against said Henry E. Weston and the American Surety Company of New York upon the bond of said Henry E. Weston as trustee be charged against and borne by the principal of the fund to the exoneration of the income or charged against the income so as to preserve the principal intact?

"4. (As amended.) If the income is to be exonerated from the payment of charges and expenses, is the American Surety Company of New York entitled to be subrogated to the rights of Henry E. Weston to the income accrued or that may accrue upon one half of the principal amounting to about twenty-two thousand dollars which was not misappropriated, and is said Surety Company subrogated to the rights of William H. Weston to receive any income accrued before May 1, 1905, or is the defendant Pratt entitled by reason of his assignments to the income that may accrue thereon?

"5. If the charges and expenses are to be borne by the income accruing since May 1, 1905, should the trustee restore to the principal from the income, any portion of the principal heretofore expended for such purposes?"

The Probate Court made a decree answering, to the first question, that "The expenses of investigating the condition of the trust estate and the acts of the former trustee in relation thereto should be charged to principal;" to the second question, that "The charges and expenses attending the recovery of the Chicago real estate should be charged to the principal;" to the third question, that "The amount recovered on execution from the American Surety Com-

pany having included principal and interest thereon from the day of judgment, the charges and expenses attending the suit in which said amount was recovered, less the costs taxed in said suit, should be paid from the amount so recovered. The balance of said amount should then be apportioned between principal and income in such manner that the principal shall be such amount as invested at six per cent interest on May 1, 1905, would produce said balance on July 7, 1913, the date of said execution. The principal so found should be held by the trustee and the remainder of the fund paid to the persons entitled to receive the income of the trust fund;" to the fourth question, that "The American Surety Company is entitled to be subrogated to the right of Henry E. Weston to the income of his share of the estate, except as to the income of one half of $123,825.99 restored by it to the principal, and said company is subrogated to the rights of William H. Weston to receive the income of his share of the estate to May 21, 1905," and, as to the fifth question, answered that it had become "immaterial and need not be further considered."

The American Surety Company of New York and Charles R. Darling, guardian *ad litem,* appealed from the decree.

The case came on to be heard by *De Courcy,* J., who reserved it, upon the pleadings and a statement of facts as agreed by the parties, for determination by the full court.

*W. C. Cogswell,* trustee, stated the case.

*H. Wheeler,* for the American Surety Company of New York.

*C. R. Darling,* guardian *ad litem* for persons not ascertained or not in being, *pro se.*

*A. C. Vinton,* administrator with the will annexed of the estate of William H. Weston, *pro se,* submitted a brief.

*J. H. Stone,* for Marland L. Pratt, submitted a brief.

RUGG, C. J. This is a bill by the trustee under a will for instructions as to the apportionment between capital and income of certain expenses incurred in the administration of his trust. Henry E. Weston, who formerly administered this trust, was removed and judgment was recovered on May 1, 1905, against him and the American Surety Company of New York as his surety, for the penal sum of his bond as such trustee. Execution thereon issued for the amount found to be the deficit in the principal of the trust fund for which Henry E. Weston was liable by

reason of his misappropriations, with interest thereon from the date of judgment, and costs. The pertinent facts and the grounds of decision in that case are reported in *Harmon* v. *Weston,* 215 Mass. 242. The amount of the execution has been paid to the present trustee by the American Surety Company. That company has proved the amount so paid as a debt against the insolvent estate of William H. Weston, who died in May, 1905, and who had been a co-trustee of the estate with Henry E. Weston. The facts and grounds for that proof are set forth in *American Surety Co. of New York* v. *Vinton,* 224 Mass. 337.

The expenses which are the subject of the present bill may be grouped under three heads: 1. General expenses of investigation of the trust estate and of the doings of former trustees resulting in the disclosure of extensive misappropriations by Henry E. Weston. 2. Expenses incident to the recovery of real estate in Chicago arising from an attempted sequestration respecting which it appears from the facts in the report that Henry E. Weston was actively fraudulent. 3. Expenses in connection with litigation against Henry E. Weston and the American Surety Company on the probate bond.

We consider the first two classes of expenses together. The regular annual or periodically recurring expenses arising in the administration of a productive trust commonly are paid out of the income, while extraordinary and unusual expenses are chargeable against the capital. The costs of litigation generally fall in the latter class. These rules apply in cases where the question concerns life tenants and remaindermen, both guiltless of any wrong against the trust and where the point of incidence of proper expenses must be determined as between innocent persons. But these rules are not necessarily applicable to cases where the question arises between a life tenant, whose wrongful conduct amounting to an active and intentional breach of trust directly has caused the expense, and a remainderman whose conduct is free from blame. In the case at bar, under the will Henry E. Weston is entitled for life to the income of one half of the remainder of the estate, or to the whole of the remainder after the other half has been paid to the administrator of the estate of William H. Weston, as is required by the decision reported in *Harmon* v. *Weston,* 215 Mass. 242, 248. Henry E. Weston misapplied and misappropriated funds

of the estate and these expenses have followed as the natural result
of his intentional wrongdoing. While William H. Weston was not
guilty of any misappropriation in his administration of the trust
estate, it is manifest from the facts stated in the report that it was
through his negligence and culpable inattention that Henry E.
Weston was enabled to misapply so much of the estate. The net
income of the estate in the hands of the plaintiff must go under
the will to these former trustees as beneficiaries, whose active and
culpable neglect of duty and intentional misfeasance in their trust
have caused these expenses, or to those claiming by or under them.
The latter stand in no better posture than the beneficiaries in
this aspect of the case. As is pointed out in *Harmon* v. *Weston,*
215 Mass. 242, the ultimate beneficiaries of the principal of half
of the trust fund, of which Henry L. Weston is entitled to the
income during his life, cannot now be determined. They may be
persons in no sense answerable directly or indirectly for his con-
duct as trustee.

All rules for the apportionment of expenses between life tenant
and remainderman have been worked out in order to accomplish
in general equitable results. They ought not to be followed when
they lead to manifestly contrary results. It seems inequitable
to cast upon innocent third persons an expense which can be borne
by those whose reprehensible conduct has caused it. The imme-
diate occasion of all expenses of the trust in the case at bar has
been culpable want of fidelity in the administration of the trust .
by the beneficiaries for life. So far as Henry E. Weston is con-
cerned, it must be taken on this record that these expenses have
resulted in considerable degree, if not entirely, not from unsound
judgment or misplaced confidence, but from a more blameworthy
intentional misappropriation of the funds of the trust. Under
these circumstances, equitable distribution of the financial bur-
dens which are the subject of the first and second inquiries seems
to require that they rest upon the income.

It is urged that, since by the payment of the execution issued
in consequence of the decision in *Harmon* v. *Weston,* 215 Mass.
242, the capital of the trust has been restored fully by the surety
upon the probate bond of Henry E. Weston, there are no equities
in favor of the remaindermen entitled to consideration. It is true
that thus the amount actually misappropriated by the trustee

has been returned to the trust. But this by no means makes the trust whole and intact for his wrongdoing. The estate still is depleted to the extent of the amounts here in controversy as the direct result of faithlessness in administering the trust. It has been necessary to incur them all by reason of maladministration by the life beneficiaries acting as trustees. If it had not been for such maladministration, there would have been no such expenses. It is inequitable that beneficiaries or their representatives or assignees should hold the annual income free from charge in this respect at the expense of the capital of the trust.

The third class of expenses relates to the prosecution of the action on the probate bond in *Harmon* v. *Weston.* These cannot be charged against income. It was held in *McIntire* v. *Mower,* 204 Mass. 233, that such expenses, because of the terms of the statute law, constituted no liability on the part of the defaulting trustee. That decision is decisive against their charge against the income payable to the defaulting trustee in the case at bar. That expense falls within the general rule. That general rule was stated in *Parsons* v. *Winslow,* 16 Mass. 361, and need not be repeated. It rightly was followed by the Probate Court in framing its decree.

Cases like the present do not often arise. But see in this connection, *In re Ungrich,* 201 N. Y. 415; *Cattley* v. *West,* [1904] 2 Ch. 785; *Raby* v. *Ridehalgh,* 7 DeG., M. & G. 104; *Blake* v. *Pegram,* 109 Mass. 541; and *Belknap* v. *Belknap,* 5 Allen, 468.

In view of what has been said, it is unnecessary to consider the fourth request as amended, because that is based upon the supposition that the income is exonerated. Any discussion of the relative rights of Pratt as the assignee of the life tenants, and the American Surety Company as the surety which has paid its obligation, becomes irrelevant, because, whatever may be their rights as to each other, they both must yield to the controlling principle which has been stated. But it is not intended hereby to narrow or qualify in any respect what was decided in *Harmon* v. *Weston,* 215 Mass. 242, and in *American Surety Co. of New York* v. *Vinton,* 224 Mass. 337. Both those cases stand in full force and are in harmony with the conclusions here reached.

There is no difference in the governing principle, even if the plaintiff found the trust estate so depleted that he was obliged at the start to use some of its capital in meeting these expenses. The

capital should be made whole out of the income payable to those as beneficiaries whose active and culpable fault as trustee or trustees has caused the expense, according to the principles here stated. The fifth question should be answered accordingly.

The fourth question need not be answered. The decree of the Probate Court as to the third question was right. The answers to the first and second questions are that the expenses there referred to should be paid from the income. Decree is to be entered in conformity to these conclusions.

*So ordered.*