Crozer's Estate.

Argued April 25, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas B. K. Ringe,* with him *Eugene P. Balderston, Jr., Randal Morgan, 3rd,* of *Morgan, Lewis & Bockius,* and *Robert T. McCracken,* for appellants, No. 156.

*William Taylor, Jr.* and *Francis X. Quinn,* for appellants, No. 157.

*John Arthur Brown,* with him *Howard M. Lutz, D. Alexander Wieland* and *Joseph J. Brown,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 12, 1941:

The Pennsylvania Company for Insurances on Lives and Granting Annuities and John B. Hannum, Jr., trustees under the will of John P. Crozer, deceased, on June 24, 1940, petitioned the court below for an order authorizing the payment, out of the trust estate, of compensation to the guardian ad litem, of fees of his counsel, counsel for the trustees and for the life tenants, and of costs and expenses incurred by counsel, "properly allocating the charging of the said compensation and counsel fees against principal, or against income, or against both principal and income", as the court should direct. While the charges, which aggregate $11,498.71, include an unspecified amount representing fees of counsel for the trustees, for services in connection with the routine administration of the trust, they largely resulted from the preparation and presentation of a former appeal to this Court, taken by the guardian and trustee ad litem from the refusal of the court below to sustain exceptions filed by him to the trustees' third account *(Crozer's Estate,* 336 Pa. 266), all fees and expenses incurred in connection with that litigation in the court below having been already paid, without objection, out of principal. By its final decree, the court below directed that $2,000 of the charges in question be charged against the life tenants, "as and for their proper and fair share" of the expense, and

that the balance remaining be charged against principal. These appeals, one by the trustees and the other by the guardian ad litem, followed. The reasonableness of the sums thus authorized to be paid is conceded by all parties in interest, the sole question presented by the appeals being whether, as appellants maintain, they should have been charged wholly against income.

Where, as here, prolonged and expensive litigation becomes necessary to remove a doubt or ambiguity so as to insure the correct administration of the trust as between life tenants and remaindermen, both guiltless of any wrong against the trust, the expense thereby incurred is clearly not a usual and periodically recurring expense arising in the administration of the trust such as is ordinarily chargeable to income *(Cogswell v. Weston,* 228 Mass. 219, 117 N. E. 37; *In re Gartenlaub's Estate,* 198 P. 209, 185 Cal. 648, 16 A. L. R. 520; 4 Bogert, Trusts and Trustees, p. 2319), but is an expense falling within the classification of extraordinary and unusual charges which, in the absence of a controlling direction by the testator to the contrary, are properly allocable to the corpus of the estate. See *Davidson's Estate,* 287 Pa. 354; *McGuffey's Estate,* 123 Pa. Superior Ct. 432, 437-38. As the point of incidence of the expense must be determined, in such a case, as between innocent persons, equitable considerations dictate that it should be borne by all the parties, which object is attained if the expense of the litigation is charged to principal; thereby the life tenants as well as the remaindermen share the burden, for, as the principal is thus reduced, the income is also proportionately reduced, automatically throwing a just and fair portion of the burden of the charge upon the income beneficiaries. See Restatement of Trusts, section 233, Comment (g). Conceding all of this, appellants point to certain provisions of the will which they contend require a departure from these rules in this estate.

Appellants base their claims upon testator's provision that the trustees shall, "after deducting *all* necessary, proper and legal costs and expenses incident to the proper execution of the trust", pay the net income to the life tenants, and the further provision that "the principal of the said trust, *created as aforesaid*", shall, at the termination of the trust, be paid over to the remaindermen, which provisions they contend clearly evidence testator's intention "to provide that all charges during the course of the administration, other than those for new investments of principal", should be paid out of income. Appellees, who are life tenants, point out that the words "created as aforesaid", in the latter provision of the will, do not refer to the word "principal", but to the word "trust", and take the position, in effect sustained by the court below, that under the former provision, which they contend amounts to "no more than a usual definition of 'net income'", the court was not bound to charge all the expenses in question against income; further, that the allocation of the charges by the court below was equitable and proper.

In *McCaskey's Estate*, 307 Pa. 172, chiefly relied upon by appellants, testator specifically provided for the payment, out of income, of items of expense such as would ordinarily be incident to the administration of the trust, enumerating them, and then provided further for the payment of *"any and all other* costs, charges and expenses *incurred* in the management, control and administration of the trust, *whatever those costs, charges and expenses may be"*. In addition, the will contained a provision allowing income to be applied "to the payment of any indebtedness incurred by the trustees in behalf and for the account of the trust and interest thereon in case the trustees do not desire to pay such indebtedness out of the principal fund". Moreover, the court below had expressly found, "after a careful examination of the will and careful conferences about its

meaning", an intention that "every kind of outlay", and particularly the item of additional compensation allowed the trustees for exceptional "services rendered in conserving the estate" there involved, might be allowed out of income. The provisions of the will in that case, which were held to justify a departure from the course ordinarily to be pursued, are manifestly not comparable with the provisions now before us and the case is, therefore, as appellees state, "of little assistance here". A case which does, however, have an important bearing here, is *Davidson's Estate,* supra, not referred to by either side. There this Court expressly approved the allocation of counsel fees, incurred in litigation necessary to collect upon a $60,000 note included as part of the trust estate, between the life tenant and remaindermen, in proportion to the total amount of principal and interest collected, and this notwithstanding a provision that income should be paid only "after deducting necessary expenses and taxes", saying, at 358: "While the income and not the principal is generally liable for the expense of administering the fund *(Crawford's Est.,* 256 Pa. 504), yet this rule has an exception where unusual or extraordinary expenses are necessarily incurred, and *although the will in this case expressly directs that the dividends should be paid 'after deducting necessary expenses and taxes', it must be presumed that this had reference only to the usual expenses of administration* and will not be construed as extending to a case like the present, where expensive legal proceedings were necessary not only to collect the interest but also to preserve the corpus of the estate from actual loss."

Emphasis laid upon the word "all" in the present case loses much of its force when it is observed that the will is replete with instances where the word is used, in most of which it is superfluous. At the outset, testator revokes "any and *all* wills" theretofore made, and

he directs that *"all* my just debts" be paid. The gift in trust is of *"all* the rest, residue and remainder"; *"all* income" payable to the widow and *"all* income" payable to testator's daughters is to be free and clear of, inter alia, *"all* levies attachments, executions and sequestrations"; upon the death of the last life tenant, *"all* of the income" is given to grandchildren, and, at the termination of the trust, the principal is directed to be paid over, as provided, free of "any and *all* trusts". Payment of *"all* direct or collateral inheritance, succession, estate or transfer taxes" is directed to be made out of the residuary estate, and testator empowers his executors to sell and dispose of "any or *all"* real estate and to convey same free of "any and *all"* liens and encumbrances and discharged from "any and *all"* trusts. Under such circumstances, and particularly in view of the immediately following words of qualification, "necessary", "proper" and "legal", the word "should receive no emphasis in the particular instance greater than in the other cases where it has no conceivable meaning": *In re Heist,* 77 Misc. Rep. 432, 137 N. Y. S. 768.

Applying the rule of construction announced in *Davidson's Estate,* supra, and there applied to language which we deem substantially the same, in legal effect, as that of testator in the present case, it cannot be assumed that, when he provided "all necessary, proper and legal costs and expenses" should be paid out of income, testator had in contemplation the long and expensive litigation out of which the charges in question arose, but must be presumed that he referred "only to the usual expenses of administration". Accordingly, we are of opinion that the decree appealed from, allocating the charges in accordance with the usual rules, was proper; further, that all costs and expenses incurred in connection with the litigation of the questions now raised, and properly payable out of the estate,

should also be charged against principal. Cf. *In re Heist*, supra; *In re McDowell's Will*, 116 Misc. Rep. 733, 191 N. Y. S. 678; *In re Kruce's Estate*, 10 Cal. App. 2d 426, 51 P. 2d 1174.

Decree affirmed. Costs to be paid out of the estate.