ELIZABETH T. FOSTER *vs.* DAVID W. FOSTER & others.

Suffolk. March 27. — June 29, 1882. ENDICOTT & FIELD, JJ., absent.

The interest of a person in a trust fund created for his benefit by the will of another, which provides that the trustees may in their discretion pay or apply the income to the benefit of such person, or the members of his family, as the trustees may think proper, and that the income shall not be subject to his debts or assignable by him by way of anticipation, cannot be reached by a creditor of such person by a bill in equity, under the Gen. Sts. c. 113, § 2, cl. 11.

BILL IN EQUITY, under the Gen. Sts. *c.* 113, § 2, *cl.* 11, against David W. Foster, James Wyman and James Foster, to reach and apply, in payment of instalments of alimony due to the plaintiff from James Foster, her former husband, his interest in a trust fund held by the other defendants under the will of John H. Foster, the father of James Foster. The defendants demurred to the bill for want of equity. At the hearing, the demurrer was sustained and the bill dismissed; and the plaintiff appealed to the full court. The material provisions of the will appear in the opinion.

*E. S. Mansfield*, for the defendants.

*F. A. Perry*, for the plaintiff.

MORTON, C. J. Assuming that the plaintiff stands in the same position and has the same rights as any other creditor of James Foster, it is clear that this bill cannot be maintained.

The will of John H. Foster, the father of James, creates a trust fund for the benefit of James, but it expressly provides that the trustees may at their discretion pay or apply the income of the fund to the personal benefit or comfort of said James, or such member or members of his immediate family, as the trustees may think proper, and that such income shall not be subject to his debts or assignable by him by way of anticipation. It follows under the decisions of this court, that James took no absolute right in the income which he can assign, or which a creditor of his can reach. *Hall* v. *Williams*, 120 Mass. 344. *Broadway National Bank* v. *Adams*, ante, 170.

*Bill dismissed.*