GEORGE F. CHOATE, Judge of Probate, *vs.* SAMUEL W.
THORNDIKE & others.

Essex.  Nov. 6, 1884. — Jan. 10, 1885.  FIELD & C. ALLEN, JJ., absent.

If a surety upon the probate bond of the administratrix of an estate, who is
removed from her trust for failure to account for assets received by her, is him-
self appointed administrator *de bonis non* of the estate, his liability upon her
bond constitutes a debt from him to the estate, which, upon his becoming ad-
ministrator, is assets in his hands with which he is chargeable, although the
amount has not been fixed by any account rendered, or by judgment, and he
has not in fact charged himself with it; and the sureties on his bond are liable
accordingly.

W. ALLEN, J.   This is an action upon the probate bond of
the defendant Thorndike as administrator *de bonis non* of the
estate of Elizabeth F. Hodgdon.   The defendant Thorndike was
one of the sureties upon the bond of the administratrix of said
estate.   The administratrix was removed, and he was appointed
administrator *de bonis non*.   About six weeks after his appoint-
ment, he resigned the office, and H. P. Moulton was appointed
to succeed him; and this action is brought for the failure of
Thorndike to render an inventory of the estate, and to account
for and pay over the assets belonging to it.   A breach of the
bond by failure to render an inventory is admitted; the only
question is as to the amount for which execution shall issue.

Thorndike, at the time of his appointment, was liable as surety
upon the bond of the administratrix for the breach of it in not
accounting for assets of the estate received by her.   The only
question is whether he was bound to account for the amount of
such assets.   He was liable on the bond for the amount of the
assets which the administratrix received and did not account for,
and that constituted a debt from him to the estate, which, upon
his becoming administrator, was assets in his hands with which
he was chargeable, although the amount had not been fixed by
any account rendered, or by judgment, and though he did not
in fact charge himself with it.   It was his duty as administrator
to ascertain the amount and to charge himself with it.   It is
sufficient to refer to the recent case of *Tarbell* v. *Jewett*, 129
Mass. 457, which is directly in point, and where the cases are

referred to and the whole subject fully considered in the opinion of the court given by Mr. Justice Endicott.

*Judgment for the plaintiff affirmed.*

*G. B. Ives*, for the defendants.

*C. Sewall*, for the plaintiff.