Amos W. Stetson & another *vs.* Henry P. Moulton, administrator, & others.

Essex. Nov. 7, 1885. — Jan. 11, 1886. Field & Devens, JJ., absent.

A. was appointed administrator of an estate, and gave a bond with B. and C. as sureties; and, without a decree of the Probate Court, distributed a large portion of the estate among the heirs, of whom A. was one, and converted the remainder to his own use. He was removed from his office, and B. was appointed his successor, and gave bond with C. and another as sureties. No property of the intestate was delivered by A. to B., except certain promissory notes. A. was adjudged insolvent, and an assignee of his estate was appointed. B. resigned as administrator, and D. was appointed in his place, and brought an action against B. and the sureties on his bond, in which judgment was rendered for D. for the full amount of the property of the intestate which came into the hands of A., less said promissory notes and the amount of certain small accounts paid by A. B. and C. paid the full amount of this judgment to D. The estate was not finally settled, and all the unpaid accounts against the estate, payment of which could be enforced, amounted to a smaller sum than that paid by B. and C. upon the judgment against them. B. and C. then brought a bill in equity against D., A., his assignee, and the heirs of the intestate, asking that, upon the settlement of the estate, B. and C. might be subrogated to the rights of the

distributees, after the payment of all debts, to the extent that the latter had received advances by the acts of A. *Held*, on demurrer, that the bill could be maintained.

GARDNER, J. This is a bill in equity, to which a demurrer has been filed. The first cause of demurrer assigned to the bill is, that it does not state such a case as entitles the plaintiffs to the relief prayed for, and that it does not appear that the plaintiffs have not a remedy for the matters alleged, by the usual and ordinary course of law.

The substance of the bill is as follows : M. E. Skerry was appointed administratrix of the estate of Elizabeth F. Hodgdon, her mother, and, while holding this trust, distributed among the heirs, without a decree of the Probate Court, a considerable portion of the estate, and, with unimportant exceptions, converted the remainder thereof to her own use. She was removed from her office of administratrix, and the plaintiff Thorndike, who, with the plaintiff Stetson, was a surety on the bond given by Skerry, was appointed her successor, and gave bond, with the plaintiff Stetson and another as sureties. With the exception of certain promissory notes, which she delivered to her successor, no property of the intestate was delivered to him by Skerry, or was received by him. Five days after Thorndike's appointment, Skerry was adjudged insolvent, and the defendant Sewall was appointed assignee of her estate. Thorndike resigned his trust as administrator, and the defendant Moulton was appointed in his place, and brought an action, in October, 1882, against Thorndike and the sureties on his bond. In November, 1883, final judgment was rendered against the present plaintiffs for the full amount of the property of the intestate which came into the hands of Skerry, less the promissory notes by her delivered to Thorndike, and the amount of certain small accounts paid by her. *Choate* v. *Thorndike*, 138 Mass. 371. No allowance was made in said judgment for the amount of property of the intestate distributed to the heirs by Skerry as administratrix, nor for her own interest in the estate which she had converted to her own use. The present plaintiffs have paid this judgment in full to the defendant Moulton, as administrator. The estate is not finally settled, and the interests of the heirs can be accurately determined upon the settlement of accounts.

The plaintiffs contend that, if the estate is distributed in the Probate Court according to the ordinary rules of distribution, the heirs of the estate who have received advances, and Skerry or her assignee, will be twice paid, to the extent of the payments already made and the interest of Skerry retained by her. The money which was paid over to Moulton upon said judgment, he, as administrator of the estate, holds as general assets thereof, subject to the decree of distribution to be made by the Probate Court. It is evident that, if the plaintiffs are entitled to any relief, it is not to be sought in the Probate Court.

It was conceded at the argument, that it sufficiently appeared by the bill that no order of distribution, or of partial distribution, had ever been made. The heirs received the property distributed to them by Mrs. Skerry, and have retained the same, and nothing appears in the allegations to show that the distributees interested have not acquiesced in the same, and adopted such acts as advances or payments. This property is not needed for any other purpose, as the bill alleges that all the accounts against the estate as yet unpaid, payment of which can be enforced, amount to a much smaller sum than that paid in by the plaintiffs upon the judgment against them, and they ask to be repaid only the amount remaining after payment of all the above-named accounts. After these are paid, the plaintiffs ask to be subrogated to the rights of the distributees, to the extent that the latter have received advances and payments, contending that this money, to the extent named, has been paid in for the benefit of the heirs, and, if distributed to them, they will receive double the portion which they would otherwise have received from the estate.

If these plaintiffs, by a judgment recovered against them in an action on their bond, have been compelled to pay to the administrator of this estate an amount of money which will double its assets, and thus enable the heirs to receive twice as much as was their original share from the estate, it is needless to say that justice requires that they should find relief.

In the case of *Kinney* v. *Ensign*, 18 Pick. 232, 236, Chief Justice Shaw says: "The holding the fact of a debtor taking administration upon the estate of his creditor to be a payment, may be deemed a legal fiction, adopted for purposes of justice

and convenience, as well as from considerations of policy, and calculated generally to promote justice; but such a legal fiction will never be allowed to go so far as to work wrong and injustice." It has been held by this court, in an action against a surety upon the official bond of a receiver of an insolvent insurance company, that the fact that the receiver rendered, as such, valuable services for which he became and was entitled to compensation, the amount of which had not been determined, is not competent evidence to reduce the amount of the surety's liability; but if anything should thereafter be ordered to be paid to the receiver by way of compensation or otherwise, his sureties could apply to the court sitting in equity to have the amount applied to their indemnity. *Commonwealth* v. *Gould*, 118 Mass. 300, and cases cited.

Although Thorndike, as administrator of this estate, during the thirty-three days in which he held the trust, failed to return any inventory or render any account, no assets came into his hands except certain promissory notes, and these he delivered to his successor. By what may be termed a legal fiction, he and his sureties became liable on their bond for all the property shown to have come into the possession of Skerry as administratrix, and disposed of by her. The money was paid upon the judgment by the plaintiff to repair the wrongs done by Skerry, and, if her estate is to be benefited by the repayment to it of money which she has converted to her own use, it would seem to work wrong and injustice. We think that the bill alleges sufficient to show that the plaintiffs are entitled to the relief sought for therein.

In the suit upon the bond, it is clear that the defendants therein could not file, as a set-off to said claim, the advances and payments made by Skerry to the heirs, and the amount received by her to the extent of her interest. The condition and settlement of the estate could not be investigated and determined in that suit. *Choate* v. *Arrington*, 116 Mass. 552, 557. Skerry's assignee was not a party thereto, and the question of her interest could not there be settled. The same objections would exist to any suit brought at common law to recover back said sum. The defendants have suggested no adequate remedy at law, which is open to these plaintiffs. We think the allegations

of the bill sufficiently show that the plaintiffs have not a complete remedy, by the usual and ordinary course of law, for the relief sought by their bill.

It is alleged in the bill, that two bonds were given by Mrs. Skerry with different sureties, and the defendants demur, in that the bill does not allege any breach of the second bond signed by the plaintiffs, for which they would be finally liable, and that there is no allegation that said bond was ever put in suit. If any contribution ought to be made between the sureties upon the several bonds, and the adjustments thereof, it must be sought in a bill in equity brought for that purpose. But the bill makes no allegations in reference thereto. It is evident that the reference to these bonds was made only for the purpose of giving a history of the proceedings relating to this estate in the Probate Court. It was immaterial whether said bonds were put in suit, and whether there was any breach of either, so as to render the plaintiffs liable therefor. The fact that Thorndike undertook to administer the estate when he had previously been surety upon a bond, does not in any degree lessen his liability nor increase it.

The bill does not seek to avoid the rendering of any account, by Thorndike or Skerry, to the Probate Court, nor seek to indemnify the plaintiffs for Thorndike's failure and negligence to comply with the conditions of his bond, namely, to return an inventory and render an account. This is not the object of the bill. It says, in substance, that the plaintiffs admit that there was a breach of their bond, that they are willing and ready that the amount recovered by judgment against them should be applied to remedy all the faults and wrongs for which they are liable, that the debts provable against the estate should be paid out of this sum, and contend that, after doing this, whatever remains should be repaid to them. The bill does not seek to oust the Probate Court of its proper jurisdiction. It does seek to prevent a distribution of the entire amount paid by the plaintiffs to the administrator Moulton.

The defendants demur to the allegation in the bill, that the plaintiffs ought to receive back from Moulton, as administrator, the one fourth interest belonging to the insolvent estate of Skerry, in that it does not allege that the plaintiffs have any

equitable claim thereon differing from the other creditors of Skerry's estate, and that the bill seeks to take from the estate of Skerry, belonging to her creditors, property assigned under the insolvent laws more than four years before the plaintiffs became creditors of Skerry. The allegation in the bill demurred to is as follows: " and said plaintiffs ought to receive back from said Moulton the amount of said Skerry's proportion (to wit, one fourth) of the balance remaining after the payment of all claims and demands against said intestate's estate. But said Sewall claims that said Skerry's proportion of said balance should be paid to him as assignee as aforesaid."

The bill does not proceed upon the ground that the plaintiffs are the creditors of Skerry. If this were the allegation or fact, they would be relegated to their place with the other creditors of Skerry's insolvent estate. The plaintiffs' claim is, as stated in their bill, that this balance now remains in the hands of Moulton as administrator, no decree of distribution having been made. They contend that the assignee of Skerry's estate has no right to it; that in equity and good conscience it does not belong to the intestate's estate, and that it cannot be classed among its general assets ; that no portion of it equitably belonged to Skerry, or to her assignee in insolvency; and that therefore her creditors have no interest in it. This money was paid upon a judgment recovered by the administrator Moulton, in which the claim now made by the plaintiffs could not be offset. It was paid over to the administrator, and he has received the same in the nature of a trust, to distribute it so that the heirs shall have their full portion of the estate to which they are entitled, and to pay back the balance, over and above such requirement, to the person or persons to whom it equitably belongs. If this balance does not equitably belong to the estate of Hodgdon, then the assignee of Skerry has no claim to it, and her creditors no interest in it. We think that the plaintiffs do not stand, in the relation of creditors to this balance, with the other creditors of Skerry. The plaintiffs' interest is paramount to theirs, and as the money was paid over to Moulton, the administrator, the plaintiffs had such an equitable interest therein, that he received it subject to such interest, and holds it in the nature of a trustee for them.

The accounts of the administrator of this estate cannot be settled and determined by this bill. This is within the exclusive jurisdiction of the Probate Court. The bill does not ask that this power be interfered with.

These considerations dispose of all the causes of demurrer which were insisted on at the argument.

*Demurrer overruled.*

*C. Sewall*, for the defendants.

*S. Lincoln*, ( *G. B. Ives* with him,) for the plaintiffs.