THERESA R. BUCKNAM *vs.* ROBERT HORTON BUCKNAM
& others.

Suffolk.    January 15, 1936. — April 2, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Trust,* Validity, Spendthrift. *Restraint on Alienation. Assignment. Husband and Wife. Parent and Child. Marriage and Divorce. Equity Jurisdiction,* To reach and apply equitable assets. *Equity Pleading and Practice,* Decree.

A husband could not make a valid assignment even to his wife of his income from a spendthrift trust, nor could she, as such assignee or as a creditor under a decree of a foreign court of competent jurisdiction granting her a divorce and awarding her alimony and a sum for maintenance of a minor child of the parties in her custody, reach and apply such income by suit under G. L. (Ter. Ed.) c. 214, § 3 (7).

It *was not decided* whether a petition might be maintained in a court of competent jurisdiction to obtain a direction to a trustee of a spendthrift trust to pay reasonable sums out of income for the support of legal dependents of the beneficiary, or, if so, whether a divorced wife having custody of a minor child of the parties could maintain such a petition, or whether such minor child had lost the right to such protection.

After the sustaining of a demurrer to the bill in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), where the plaintiff might wish to seek to maintain his cause of action in other proceedings, it was proper to dismiss the bill without prejudice.

BILL IN EQUITY, filed in the Superior Court on June 10, 1935.

By order of *Donnelly,* J., a demurrer by the defendant trustees was sustained, and by order of *Gray,* J., a final decree was entered dismissing the bill "without prejudice." The plaintiff appealed generally and the defendant trustees appealed from so much of the final decree as dismissed the bill "without prejudice."

*A. L. Taylor,* (*E. C. Parks* with him,) for the plaintiff.

*A. Brayton,* (*G. D. Burrage* with him,) for the defendants Burrage and another, trustees.

LUMMUS, J.    Mary Helen Bucknam died on July 13, 1929, leaving a husband, a daughter and a son, the defend-

ant Robert Horton Bucknam, who was born on December 5, 1909. Half the residue of her estate was given by her will to the defendants George D. Burrage and State Street Trust Company, as trustees, in trust to expend "so much of the net income of said fund as is in their judgment necessary or proper for the education, maintenance or support of my said son" until he shall reach the age of twenty-five years. He reached that age on December 5, 1934. The will continued: "When my said son reaches the age of twenty-five years the trustees shall pay over to him semiannually or oftener in their discretion the net income of said trust fund until he shall reach the age of thirty years and thereupon shall pay over to him the principal of said trust fund free and discharged of all trusts." If he shall die without issue before reaching the age of thirty years, the trust fund is to pass to his sister or her issue. The seventh paragraph of the will provided: "All provisions in this will and any codicil contained for any payment or benefit to any person are subject to the further provision that such payment or benefit shall not be subject to be alienated or anticipated by the beneficiary or to be reached or applied by any creditor of the person entitled thereto."

Robert Horton Bucknam, on February 12, 1929, married the plaintiff in Massachusetts. Matrimonial difficulties arose, and on June 3, 1932, at Kansas City, Missouri, a separation agreement was entered into between them, by which he agreed to pay her $625 quarterly during her life. The agreement provided: "All interest of the [said] Robert in the estate of his deceased mother and in the trust created by her will is to the above extent hereby bound with a first lien and is assigned to Theresa accordingly; and the Trustees of said estate and/or trust are hereby authorized and directed to recognize and act hereof [sic] and pay to Theresa the sums above recited, and for so doing this shall be their full warrant and discharge." It was further provided that the foregoing provision for Theresa might be made a part of any decree of divorce.

The only child of the marriage, David Horton Bucknam, was born subsequently on February 19, 1933. On February

16, 1934, the plaintiff brought a libel for divorce in a court of competent jurisdiction at Kansas City. The defendant Robert Horton Bucknam appeared and answered. On March 14, 1934, after hearing, a decree of divorce was entered, awarding the custody of the child to the plaintiff, and awarding her $150 a month as alimony with $50 additional a month for the maintenance of the child, payable on April 13, 1934, and quarterly thereafter. The decree continued: "that by and with the consent of defendant in open Court, the Trustees of the Estate of Mary Helen Bucknam, deceased, holding a trust in favor of the defendant, are authorized and empowered from time to time, out of any trust funds due or to become due to defendant, to pay the above sums direct to plaintiff and charge the same to the account of defendant." The trustees were not before the court in the divorce proceedings.

The defendant Robert Horton Bucknam, on June 1, 1935, was in arrears to the extent of $1,800 in the performance of the divorce decree. On June 10, 1935, the plaintiff brought this bill against said defendant and the trustees, to reach and apply the accumulated and accumulating income in the hands of the trustees for the satisfaction of. the payments required by the divorce decree. The trustees demurred on five grounds. The judge sustained the demurrer on the third ground, which was that the seventh paragraph of the will prevented the reaching and application of income. The bill was accordingly dismissed, "without prejudice," and the plaintiff appealed. The trustees also appealed from the dismissal without prejudice.

The seventh paragraph of the will prevented the defendant Robert Horton Bucknam from making an effectual assignment of his interest in the trust fund, and prevents his creditors, as it would prevent a trustee in bankruptcy, from reaching his interest therein. Only money or property which from time to time may become his property free from trust, such as instalments of income actually paid him, may be assigned, or reached by creditors. Nothing remaining in the trust, whether principal or income, can be taken by an assignee or a creditor. As to this, the law of this

Commonwealth is well settled. *Broadway National Bank* v. *Adams*, 133 Mass. 170. *Pacific National Bank* v. *Windram*, 133 Mass. 175. *Slattery* v. *Wason*, 151 Mass. 266. *Lathrop* v. *Merrill*, 207 Mass. 6. *Hale* v. *Bowler*, 215 Mass. 354. *Boston Safe Deposit & Trust Co.* v. *Collier*, 222 Mass. 390. *Haskell* v. *Haskell*, 234 Mass. 442. *Perabo* v. *Gallagher*, 241 Mass. 207. *Richardson* v. *Warfield*, 252 Mass. 518. *Saltonstall* v. *Treasurer & Receiver General*, 256 Mass. 519, 521. *Shelton* v. *King*, 229 U. S. 90. *Eaton* v. *Boston Safe Deposit & Trust Co.* 240 U. S. 427.

Whether the interest of a beneficiary under a spendthrift trust such as is created by the seventh paragraph of the will in question, can be reached and applied for the support of a child, the wife, or a former wife of the beneficiary, has been the subject of few, but conflicting, decisions. Such an interest has been reached for the satisfaction of a decree for alimony in some cases, on the principle, applied in the bankruptcy case of *Audubon* v. *Shufeldt*, 181 U. S. 575, and the income tax cases of *Gould* v. *Gould*, 245 U. S. 151, and *Douglas* v. *Willcuts*, 296 U. S. 1, 8, that a decree for alimony does not create the relation of debtor and creditor but merely makes specific the general obligation to support, and therefore is not within a provision barring creditors from reaching the interest of the beneficiary. *England* v. *England*, 223 Ill. App. 549. *Tuttle* v. *Gunderson*, 254 Ill. App. 552. *Keller* v. *Keller*, 284 Ill. App. 198. Am. Law Inst. Restatement: Trusts, § 157. See also *Wetmore* v. *Wetmore*, 149 N. Y. 520. Other decisions have denied relief in such cases, treating a divorced wife for this purpose as an ordinary creditor. *Eaton* v. *Eaton*, 81 N. H. 275; *S. C.* 35 Am. L. R. 1034; *S. C.* 82 N. H. 216. *De Rousse* v. *Williams*, 181 Iowa, 379, 382. *Gilkey* v. *Gilkey*, 162 Mich. 664. *Erickson* v. *Erickson*, 197 Minn. 71.

In *Foster* v. *Foster*, 133 Mass. 179, a divorced wife, with a minor child in her custody, having an unsatisfied decree for alimony, brought a bill against James Foster, her former husband, and the trustees under his father's will, to reach and apply in satisfaction of her decree the interest of James in a trust under which the trustees were "from time to time,

during the life of my son James, to pay the net rents and income, at their discretion, to the said James Foster; or, at their discretion, to pay & apply said net rents and income, from time to time, and during any such times as they shall deem it expedient, to the personal benefit and comfort of the said James Foster, or such member or members of his immediate family as the Trustees for the time being shall from time [to time] think proper: it being my will and direction, that the rents and income aforesaid are to be in no wise liable to the debts, control or engagements of the said James Foster; that he shall have no power or right to dispose of, or affect the said rents or income, by way of sale, mortgage, assignment, pledge, charge or otherwise, in the way of anticipation." The trustees demurred for want of equity, and the demurrer was sustained. In argument the plaintiff did not suggest that she stood better than an ordinary creditor, but contended that any creditor might reach the interest of James. The trustees contended, among other things, that the plaintiff was not a creditor and therefore could not bring a bill to reach and apply. The court dismissed the bill, saying that it could not be maintained, "Assuming that the plaintiff stands in the same position and has the same rights as any other creditor of James Foster." Evidently the court did not attribute to her any greater rights than those of an ordinary creditor.

A deserted wife, not divorced, has been held in Pennsylvania not to be a mere creditor, but to be entitled to reach the trust property for her support, notwithstanding a spendthrift provision of the sort in question. *Moorehead's Estate*, 289 Penn. St. 542, 52 Am. L. R. 1251. *Thomas* v. *Thomas*, 112 Pa. Super. Ct. 578. Compare *Thackara* v. *Mintzer*, 100 Penn. St. 151; *Board of Charities* v. *Lockard*, 198 Penn. St. 572. In New Hampshire the law is laid down in *Eaton* v. *Eaton*, 81 N. H. 275, 35 Am. L. R. 1034; 82 N. H. 216. In that case the defendant's father left a trust fund to be "managed and controlled, invested and expended for the benefit of my said son as his needs may require" during his life. This was construed to give the son only a right to support out of the fund, which, in

accordance with our own cases of *Baker* v. *Brown*, 146
Mass. 369, and *Slattery* v. *Wason*, 151 Mass. 266, could not
be reached by creditors.   It was held that his divorced
wife could not reach the income of the fund for the satis-
faction of a decree for alimony.   But it was held that the
testator, in providing for the "needs" of the son, did not
intend that the son should be maintained in comfort while
his family starved.   The direction to expend the income
for the needs of the son was held to contemplate expendi-
tures for the needs of his family as well, including his wife
while she remained such, and his child although in the cus-
tody of his divorced wife.   But since the support of mem-
bers of his family was brought within the provision for him
by construction of the will, and not by permitting a per-
sonal decree against the son to be satisfied out of his inter-
est in the trust funds, the amount of such a personal decree
was held to have no bearing upon the sum to be paid out
of the trust funds for the support of the family, but the
sum to be paid for support was held to be within the reason-
able discretion of the trustee.   See also *Gardner* v. *O'Loughlin*,
76 N. H. 481;   *Rhode Island Hospital Trust Co.* v. *Egan*, 52
R. I. 384;   *Wetmore* v. *Wetmore*, 149 N. Y. 520;   *Bridgeport-
City Trust Co.* v. *Beach*, 119 Conn. 131, 139.

The reasoning of the New Hampshire case, it may be
argued, applies as strongly where the trustees are required
to pay the whole income to the named beneficiary as where
they are required merely to expend the income for his
needs or support.   The purpose of a spendthrift trust,
however phrased, is to provide a secure living for the bene-
ficiary.   It may be argued that a testator shows no inten-
tion, merely by directing payments to a named beneficiary,
to deprive the family of the beneficiary of a share in that
living, or to trust the support of his family wholly to the
judgment and sense of responsibility of one who is not
trusted to direct his own life and who may place himself
beyond the reach of process.

But we need not decide, and do not decide, in the present
case, whether a petition might be maintained in a court of
competent jurisdiction (see *Green* v. *Gaskill*, 175 Mass. 265;

*Holmes* v. *Holmes*, 194 Mass. 552, 556; *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254), to obtain a direction to the trustee to pay reasonable sums out of the income for the support of legal dependents of the beneficiary. If such a petition would lie in any case, we need not consider whether, as was held in New Hampshire, a divorced wife has ceased to have a standing for such a purpose, nor whether under our decisions a minor child the custody of whom has been taken from the beneficiary has lost the right to such protection. *Creeley* v. *Creeley*, 258 Mass. 460, 463.

The present case is not such a petition. It is a suit to reach and apply the interest of the beneficiary in satisfaction of a debt to the plaintiff, under G. L. (Ter. Ed.) c. 214, § 3 (7), or, in the alternative, to enforce her alleged rights as assignee. The interest of Robert Horton Bucknam could not be assigned. In endeavoring to enforce her decree for alimony, we think the plaintiff stands no better than any other creditor. *Weidman* v. *Weidman*, 274 Mass. 118, 121. The words should be construed in the light of the purpose to be served. To permit a wife to collect out of spendthrift trust funds any decree for alimony which she might obtain, with all its accumulations, would often deprive an improvident beneficiary of all the protection which the testator intended to give him. The reasoning of this opinion has the concurrence of a majority of the court, and all the sitting justices agree that the demurrer was properly sustained.

The defendant trustees appeal from the insertion in the decree dismissing the bill of the words "without prejudice." This decision does not impair any right to proceed under the theory adopted in the New Hampshire case already discussed. Neither does it affect any question which may arise as to the right to reach the interest to which Robert Horton Bucknam may be entitled upon attaining the age of thirty years. The words in question are proper in order to guard against a possible contention that such matters have been adjudicated.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*