GEORGE D. BURRAGE & another, trustees, *vs.* ROBERT HORTON BUCKNAM & others.

Middlesex.     April 6, 1938. — September 26, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Devise and Legacy*, Identity of beneficiary. *Trust*, Identity of beneficiary. *Husband and Wife. Parent and Child.*

Under a provision of a will unequivocally directing payment of the net income of a trust fund to a son of the testatrix, the trustee was not permitted to make payments from income for the support of a former wife of the son divorced after the death of the testatrix by a decree awarding her alimony, or of a child, born after the death of the testatrix.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on October 29, 1936, by the

trustees under the will of Mary Helen Bucknam, late of Cambridge.

The case was reserved and reported by *Monahan, J.*, upon the pleadings and an agreed statement of facts.

*A. Brayton*, stated the case.

*E. C. Parks*, for Theresa R. Bucknam.

*J. W. Vaughan*, for David Horton Bucknam.

*A. F. Harrington*, for guardian *ad litem.*

*W. T. Snow*, (*C. Jackson, Jr.*, with him,) for Robert Horton Bucknam.

Qua, J. In *Bucknam* v. *Bucknam*, 294 Mass. 214, we decided that Theresa R. Bucknam, as the former wife of Robert Horton Bucknam, was barred from reaching and applying in payment of alimony and for support of a minor child, and from enforcing an assignment of, the income payable to Robert Horton Bucknam under the terms of a trust contained in the will of his mother, Mary Helen Bucknam, because of the spendthrift clause constituting the seventh paragraph of that will. We there adverted to the settled law of this Commonwealth sustaining the validity of spendthrift provisions for the protection of beneficiaries, citing *Broadway National Bank* v. *Adams*, 133 Mass. 170, and many other cases, and we held that in endeavoring to enforce her decree for alimony the former wife stood "no better than any other creditor." We are not asked to go over that ground again.

In that case, however, we left open the question whether legal dependents of the beneficiary might obtain a direction to the trustees for their support out of the income on an entirely different theory illustrated by the case of *Eaton* v. *Eaton*, 81 N. H. 275, where it was held that a fund to be expended "for the benefit of my said son as his needs may require" could be ordered applied to the support of the son's wife and child on the ground that the testator must have meant to include their support among his son's "needs." We did not intimate any opinion whatever upon the question thus reserved. In the present petition for instructions by the trustees the former wife and the minor son of Robert Horton Bucknam raise the precise question which we left

undecided before. It will conduce to a clear understanding of that question if it be kept in mind that the former wife and child are not now claiming as creditors or assignees of Robert Horton Bucknam, but are contending that because of their dependence upon him they themselves have become beneficiaries under the will of his mother. The spendthrift clause is not a factor in this case. As the elder Mrs. Bucknam was disposing of her own property and could choose her own beneficiaries and was under no obligation to include her son's family among them, this case is to be decided solely upon the construction of her will, and that is to be ascertained in the usual way by reading her intention from the language which she used in the light of the circumstances then existing.

When the will was made, May 25, 1927, Robert Horton Bucknam was between seventeen and eighteen years of age and unmarried. He has never been employed. He married Theresa R. Bucknam when he was nineteen. The testatrix died several months later, on July 13, 1929. The testatrix and her daughter-in-law were friendly. Robert Horton Bucknam's minor son was born after the death of the testatrix. Robert Horton Bucknam has now married again but has no issue by the second marriage. By the terms of the will the testatrix disposes of certain personal effects, gives her husband a legacy of $50,000, and divides the remainder into two trust funds of similar character, one for the benefit of her daughter and the other for the benefit of her son, Robert Horton Bucknam. The important part of the clause creating the trust for Robert reads as follows:

"(b) The trustees shall pay over semi-annually or oftener in their discretion the net income of the other of said trust funds to my said son, Robert Horton Bucknam, as follows: — Until my said son, Robert Horton Bucknam, shall reach the age of twenty-five years the trustees shall expend so much of the net income of said fund as is in their judgment necessary or proper for the education, maintenance or support of my said son and the trustees may pay such part of said income directly to my said son whether or

not under age or may pay the same to his guardian or may apply and expend the same in such manner and ways as they deem to be for his benefit. Any balance of said net income not so expended shall be added to the principal of the trust fund. When my said son reaches the age of twenty-five years the trustees shall pay over to him semi-annually or oftener in their discretion the net income of said trust fund until he shall reach the age of thirty years and thereupon shall pay over to him the principal of said trust fund free and discharged of all trusts. . . ."

Then follow provisions for payment of the principal to the son's issue *per stirpes*, if he dies before reaching the age of thirty, and further dispositions in default of such issue. The rest of the will seems to have no bearing upon this controversy. As Robert Horton Bucknam is now between the ages of twenty-five and thirty, the provision of the trust now operative is that which requires the trustees to "pay over to him . . . the net income of said trust fund. . . ."

We are not convinced that the straightforward and unqualified direction to pay the income to Robert Horton Bucknam can be construed to mean that part of the income shall be paid to his former wife or to a guardian of his child. Neither the wife nor the (then unborn) child is mentioned anywhere in the will as the recipient of such payments. To read their names into this clause of the will is to do violence to the plain words of the testatrix. Payment to a wife or child is not commonly regarded as satisfying an obligation to pay a husband or father, where there is no relation of agency. If the trustees are bound to pay to the former wife and to the child, how is the extent of that obligation to be measured? Does it exist only when the former wife and child are in actual need? Is the extent of their own property, if any, or their ability for self-support to be taken into account? What members of the son's family are included in these benefits? Is the son's present wife also entitled to be heard and to have her needs balanced against those of the former wife and of the son? Is Robert Horton Bucknam's own earning power or his other

property, if any, to be taken into account? If so, and if his property is large, might not a possible logical result be to deprive him who alone is named in the will of the greater part or even of all the income, and to give it to his dependents? Does the will mean that? Where is the stopping point? Do the words "pay over to him . . . the net income" vary in meaning from time to time with varying circumstances? What is to happen when, shortly, Robert Horton Bucknam becomes thirty years of age? Do the words "and thereupon shall pay over to him the principal of said trust fund" mean what they say, or do they mean that the trustees are to divide the principal among Robert Horton Bucknam and the former and present members of his family according to some plan which the trustees or the court may conceive will best meet the necessities of each?

We do not say that these questions are all necessarily incapable of solution, if the construction of the will which is contended for is the true one, but we do say that these considerations and more which might be mentioned show what a complicated situation would arise, and what extensive and delicate duties would devolve upon the trustees and upon the courts if once we departed from the simple words of the will, and how extremely unlikely it is that the testatrix intended to involve her estate in such difficulties, none of which she mentioned, when she directed her trustees to pay the income to her son. Presumably she expected that he would do his duty by his wife and by his children, if he should have any, although she intended to give him protection against creditors until he should reach the age of thirty, but we can find nothing whatever to suggest that she intended to do his duty for him in her will.

We have given more attention to the arguments of the former wife and of the minor child than we should think they deserved upon the mere construction of the elder Mrs. Bucknam's will, because a number of decisions in other States have been cited to us of varying degrees of nearness to this case which give support to these arguments. *England* v. *England*, 223 Ill. App. 549. *Moorehead's Estate*,

289 Penn. St. 542. (Compare, however, *Board of Charities* v. *Lockard*, 198 Penn. St. 572.) *Wetmore* v. *Wetmore*, 149 N. Y. 520. *Ferguson* v. *Ferguson*, 247 App. Div. (N. Y.) 24. *Eaton* v. *Eaton*, 81 N. H. 275; *S. C.* 82 N. H. 216. *Rhode Island Hospital Trust Co.* v. *Egan*, 52 R. I. 384. *Bridgeport-City Trust Co.* v. *Beach*, 119 Conn. 131, 139, 145. See *Sand* v. *Beach*, 270 N. Y. 281, 286. It is not necessary to discuss these cases in detail or to disagree with all of them. In some of them the will contained language more readily susceptible of the construction given it than anything contained in the pertinent part of ·Mrs. Bucknam's will. Her command to pay the income to her son is direct and unequivocal. In some of the cases the decision was rested partly upon other grounds. In others the court seems more concerned to discover means of avoiding the spendthrift clause than to ascertain the intent of the testator. In general we prefer the reasoning in *Erickson* v. *Erickson*, 197 Minn. 71, 77–79. See *Foster* v. *Foster*, 133 Mass. 179; *Slattery* v. *Wason*, 151 Mass. 266; *De Rousse* v. *Williams*, 181 Iowa, 379, 382; *Gilkey* v. *Gilkey*, 162 Mich. 664.

A decree is to be entered instructing the trustees that no payments out of the income of the trust are to be made to Theresa R. Bucknam or to David H. Bucknam. Costs of this appeal as between solicitor and client are to be at the discretion of the Probate Court.

*Ordered accordingly.*