STATE STREET TRUST COMPANY, trustee, *vs.* MARY J. KISSEL & others.

Suffolk. November 14, 1938. — February 3, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy,* Validity, Spendthrift clause, Power. *Trust,* Spendthrift. *Power.*

The donor of a general power to the life beneficiary of a trust to appoint the principal by will cannot limit the power by a spendthrift clause so as to defeat the general equitable rule that upon exercise of a general power the appointed property shall be considered assets of the donee to the extent that his individual estate is insufficient to satisfy his creditors.

In equity, an appointment to certain creditors of the testator in the will of the donee of a general power of appointment by will, whose estate was insolvent, must be disregarded, and the property subject to the power must be paid to the executor of the will for the benefit of all the creditors of the estate *pro rata.*

PETITION for instructions, filed in the Probate Court for the county of Suffolk on June 19, 1936.

Mary J. Kissel appealed from a decree entered by order of *Dillon,* J.

*A. B. Carey,* stated the case.

*R. H. Wiswall,* (*C. F. Goodale* with him,) for the respondent Mary J. Kissel.

*V. V. R. Booth*, for the respondents Old Colony Trust Company and another, executors.

*R. Gray*, for the respondent Luke C. MacGuinness, trustee.

*D. W. Corcoran*, for the guardian *ad litem*, submitted a brief.

DOLAN, J.     This is an appeal from a decree entered in the Probate Court, instructing the petitioner as to its duties with relation to a certain trust estate, held by it as trustee under the fourth and residuary clause of the will of Julia Emma Bradford, late of Boston, deceased (hereinafter described as the testatrix), for the benefit of Samuel Dexter Bradford, who is now deceased.

The testatrix died on August 15, 1886, leaving as her heirs at law a son, John Henry Bradford, now deceased, and three grandchildren, Julia E. Bradford, Samuel Dexter Bradford, and Mary J. Kissel, who were the children of her deceased son, Samuel Dexter Bradford.  Her will was duly proved and allowed in 1886.  Under its fourth and residuary clause she gave and devised one half her residuary estate to her son, John H. Bradford, and the remaining one half to trustees in trust for the following purposes: "they shall hold the same as they receive it or in their discretion sell and invest the same in real estate or personal property at their discretion, in a safe and prudent manner and after paying all expenses incident to the execution of the trust, together with a reasonable compensation for their own services, they shall pay or in their discretion apply and appropriate the net income thereof to the maintenance support and comfort, of such of my grandchildren, children of my deceased son Samuel Dexter Bradford, as shall survive me, share and share alike, for and during the period of their natural lives; the issue of any such deceased grandchild to take the parent's share; it being my purpose and intent that the said trust fund and the income thereof, shall not be liable for or chargeable with any debts contracted by them or either of them, and that they shall have no power to sell, assign, transfer or anticipate the same or any part thereof, but all payments of income shall be

entirely within the absolute control and discretion of the trustees hereunder; and upon the death of each of such grandchildren, they shall pay over and distribute such portion of the principal of said trust fund as such grandchild dying was entitled to the income of, during its life, to such person or persons as such grandchild by its last will and testament directs and appoints to receive the same, but in no event shall any part of said trust funds be liable for, or be paid or appropriated to or for any debts or liabilities of such grandchildren; and in case any such grandchild shall die and fail to make any such testamentary appointment; then and in such case said trustees shall pay over and distribute the share of such grandchild so dying to and among the issue of such grandchild; and in case such grandchild shall die, leaving no will and no issue, then and in such case the portion of the principal of said trust fund shall remain in and constitute a part of said trust fund; the income to be applied and the principal to be disposed of in like manner as though the then surviving grandchildren or grandchild if any, were the only ones or one for whose benefit this trust was created, so that such survivors or survivor shall receive or have applied for them or it an increased portion of income, and have the right to dispose of by will of an increased portion of capital; and in case of any of such grandchildren dying without a will and without issue and no one of such grandchildren surviving; then and in such case the portion of such trust fund, the income of which such grandchild so dying was at its death entitled to, the income thereof, shall go to my heirs at law in the same manner as they would take the same from me dying intestate."

The grandchild Julia E. Bradford, later Julia B. Armit, died September 10, 1923, and her share of the trust estate was distributed in accordance with the provisions of the will. Her children or their personal representatives are parties respondent. Mary J. Kissel, the appellant, is the sole surviving grandchild of the testatrix, the grandchild Samuel D. Bradford having deceased May 18, 1935, testate, leaving no widow or issue. His will dated October 22, 1934, was

allowed in the Surrogate's Court of the County of Kings in the State of New York on December 31, 1935, and an authenticated copy thereof was filed and recorded in our county of Suffolk and letters testamentary were issued thereon to the Old Colony Trust Company and Jacob Rosenberg.

The pertinent provisions of the will of Samuel are as follows: "Third: As to the fund set apart and held in trust for my use during my life under the Will of my father, Samuel Dexter Bradford; and as to the fund set apart and held in trust for my use during my life under the Will of my grandmother, Julia Emma Bradford, and pursuant to the provisions of the said Wills, over and in respect to the respective principals of which funds I was given a power of testamentary appointment, I hereby exercise said power of appointment given to me in each of said Wills, and hereby give, devise and bequeath to Thelma Cooper, now residing at Hotel Empire, Broadway and 63rd Street, Borough of Manhattan, City and State of New York the sum of Thirty Thousand and 00/100 ($30,000.) dollars. In the event that the said Thelma Cooper should predecease me, then and in that event I give, devise and bequeath the said sum of $30,000. to the said Thelma Cooper's sister, Bessie Cooper, of 40 South Pine Street, Hazelton, Pennsylvania, and in the event of said sister's death, the said sum of $30,000. is to go to the estate of the said Thelma Cooper. Fourth: As to the fund set apart and held in trust for my use during my life under the Will of my father, Samuel Dexter Bradford, and as to the fund set apart and held in trust for my use during my life under the Will of my grandmother, Julia Emma Bradford, and pursuant to the provisions of the said Wills, over and in respect to the respective principals of which funds I was given a power of testamentary appointment, I hereby exercise said power of appointment given to me in each of said Wills, and hereby give, devise and bequeath to Jacob Rosenberg, of 70 Pine Street, Borough of Manhattan, City and State of New York, the sum of Five Thousand and 00/100 ($5,000.) dollars. Fifth: I give, devise and bequeath all the rest,

residue and remainder of the said respective principals of the said trust funds to Percy D. Atherton of 541 Boylston Street, Boston, Massachusetts. Sixth: I am making no provision for any of my blood relatives for the reason that I do not feel that they have treated me with the kindness and consideration to which I was entitled."

The petition was heard on the facts therein alleged, statements and stipulations of counsel, and certain exhibits, all of which appear in the record. The judge filed a report of facts in substance as follows: At the time of the execution of the will of Samuel D. Bradford, hereinafter described as the donee, he was indebted to the appointee Rosenberg in the sum of $5,000; to the appointee Cooper in the sum of about $30,000, and to the residuary appointee Atherton in the sum of $23,490.50 and interest. The provisions for them were made by the donee in consequence of agreements made by him so to satisfy their claims. The judge specifically found that the relation of debtor and creditors existed between the donee and them at the times of the execution of the will of the donee and of his death.

After hearing, the judge entered a decree to the effect that the power of appointment conferred upon the donee by the will of the testatrix was a general one; that it was validly exercised by the donee; that the provision in the fourth clause of the will of the testatrix "that after the exercise of the above mentioned power of appointment, no part of the trust property shall be appropriated for the payment of the debts of the donee of the power, is invalid as an improper limitation upon the general power of appointment"; and that the appointed property be paid to the executors in Massachusetts of the will of the donee of the power.

The respondent Mary J. Kissel appealed from this decree and now contends "that the provision in the clause of the will of Julia Emma Bradford granting a power of appointment to her grandchildren — '*but in no event shall any part of said trust funds be liable for, or be paid or appropriated to or for any debts or liabilities of such grandchildren*' — was

a limitation upon the power prohibiting an appointment by Bradford to creditors for the purpose of paying his debts to them, that the persons to whom Bradford appointed the trust property were creditors and that the appointment was made for the purpose of satisfying his debts to them, that accordingly no appointment within the scope of the power was made, and that in accordance with the terms of the will the trust fund was to be continued in trust for the benefit of this respondent."

It has long been settled in this Commonwealth that "when there was a general power of appointment, which it was absolutely in the donee's pleasure to execute or not, he might do it for any purpose whatever, and might appoint the money to be paid to his executors if he pleased, and, if he executed it voluntarily and without consideration, for the benefit of third persons, the money should be considered part of his assets, and his creditors should have the benefit of it." *Clapp* v. *Ingraham*, 126 Mass. 200, 202. While reference is made in the case just cited to an execution of the power "voluntarily and without consideration," it is also established in *Vinton* v. *Pratt*, 228 Mass. 468, a case which in the facts closely resembles the case at bar, that, where the donee of a testamentary power exercised it for the purpose of discharging his obligations upon a guaranty in writing, by the exercise of the power the property, if necessary, could be applied in satisfaction of the donee's debts. In that case, at page 470, it is said that this "has become a rule of property, and having been unchallenged for nearly forty years we cannot agree with the defendant, that it should be overset." We think that the rule is the same whether the appointment be made voluntarily as a benefaction, or upon a consideration.

The intention of the testatrix is to be gathered from a reading of her will as a whole considered in the light of the material circumstances known to her at the time of its execution. When thus ascertained, her intent must be given effect unless some positive rule of law forbids. *Ware* v. *Minot*, 202 Mass. 512. Thus considered, it appears that the will was executed and allowed over fifty years ago.

Its provisions for the children of her son Samuel are identical. The will contains a specific spendthrift provision applicable to the shares of all the grandchildren during their respective lives, which embraces both the trust fund and the income therefrom. It is established in this Commonwealth that such a provision is valid. *Broadway National Bank* v. *Adams*, 133 Mass. 170. *Boston Safe Deposit & Trust Co.* v. *Collier*, 222 Mass. 390. We see no reason for departing from the principles set forth in those cases, and followed in *Bucknam* v. *Bucknam*, 294 Mass. 214. See also *Burrage* v. *Bucknam*, 301 Mass. 235. Immediately following this spendthrift provision effective during the lives of the grandchildren, the testatrix provided that "upon the death of each of such grandchildren . . . [the trustees] shall pay over and distribute such portion of the principal of said trust fund as such grandchild dying was entitled to the income of, during its life, to such person or persons as such grandchild by its last will and testament directs and appoints to receive the same, but in no event shall any part of said trust funds be liable for, or be paid or appropriated to or for any debts or liabilities of such grandchildren . . . ." Then follow the provisions in case, not of an exercise of the power by the donees in favor of creditors, but of default of appointment without qualification.

We are of opinion that it is manifest that the dominant intention of the testatrix was that, as during the lives of the respective donees neither the trust fund nor the income therefrom should be liable for any debts contracted by them, so also the testatrix intended that upon their respective deaths, notwithstanding the general power conferred upon them to appoint their shares by will, the appointed property should not be paid to their creditors nor appropriated to the satisfaction of their creditors' claims. We think that her intent was the same whether the appointment was exercised indirectly or expressly to creditors of the donees, or was exercised to volunteers as pure benefactions, and that her clear purpose was to extend the rules established by our decisions relating to spendthrift trusts during the lives

of the beneficiaries, beyond, notwithstanding the general power to appoint by will conferred upon them. She was concerned not with who the appointees should be, but rather that in no event should the creditors of the donees reach the trust estate in satisfaction of their claims. The power was a general one; the subsequent provision, that the property appointed should not be appropriated to or for any debts or liabilities of the donees, we think was a direction to the trustees, who would be the only persons who could "pay," and a restriction upon them rather than a limitation upon the power to appoint. Such an intent cannot be given effect. The testatrix could not effectually thus give with one hand and take away with the other.

In the case of *Hill* v. *Treasurer & Receiver General*, 229 Mass. 474, in the course of a careful analysis of the nature of general powers of appointment, at page 476, the court said: "The doctrine that appointed property shall be regarded as assets of the estate of the donee who has exercised a general power of appointment is purely equitable. It rests on the fundamental idea that a man ought to pay his debts when he has the power to do so, rather than to give property to those who are not his creditors. It is not founded on the actual intent of the one who has exercised the power. This principle of equity disregards the desires of the donor in creating the power, deprives the donee of the untrammelled authority conferred upon him in terms, and to the extent of its scope does violence to the manifest design of the donee in exercising the appointment. It would operate even in the face of his testamentary declaration to the contrary. Equity seizes the property on its way from the donor to the appointee and applies it to the satisfaction of the obligations of the appointor." We think that these principles are decisive of the question before us; that the desire of the donor in the case at bar to place a subsequent limitation on the general power once given must be disregarded. In like manner, the actual intent of the donee who has exercised the power to satisfy in that manner certain of his creditors must be set aside, and they must take their places with the other creditors of his estate,

which is insolvent, and must take their *pro rata* shares, not as appointees, but just as creditors.

The appointees in the case at bar have not appealed from the decree under consideration, and thus have evidenced their acceptance of what we have just said, although it sets at naught the intent of the donee. See Am. Law Inst. Restatement: Property, § 452 and comment c, where, after stating the general equitable doctrine (which is the law of this Commonwealth), it is said: "The rule . . . applies in spite of the manifestation of a contrary intent by the donor or the donee or both. Thus it is immaterial that the donor provides in the instrument creating the power that the property covered thereby shall in no circumstances be appointed to the donee's creditors or subjected to their claims. It is also immaterial that the donee provides in the instrument of appointment that the property shall not be subjected to the claims of his creditors." Thus both attempts are condemned in this statement. Without intimating that all that is there said is not a correct statement of the law and one that would follow from what has been said by this court in such cases as *Hill* v. *Treasurer & Receiver General*, 229 Mass. 474, it goes further, we think, than we are required to go in the instant case, where the provision is not a specific one that the property shall not be appointed to the donee's creditors, but is one which follows the grant of the general power, and which provides against the payment or appropriation of the appointed property to or for any debts or liabilities of the grand-children, the donees. In its essence, however, the comment in the Restatement, before referred to, includes the facts in the case at bar, and is consistent with the rule, which we have often repeated and have here followed, that the general power once given by the testatrix may not be limited by her so as to defeat the equitable doctrine that the property appointed shall be dealt with as assets of the donee's estate for the satisfaction of his debts, in so far as his individual estate is insufficient therefor. See *Tuell* v. *Hurley*, 206 Mass. 65.

Nothing is said in the decisions of this court sustaining

spendthrift trusts as effective during the life of the beneficiary to whose interests as to either principal or income they applied, from which it may be inferred that such provisions, following the grant of a general power to appoint, are valid. "The purpose of a spendthrift trust, however phrased, is to provide a secure living for the beneficiary." *Bucknam* v. *Bucknam*, 294 Mass. 214, 219. Such provisions were effectively made by the testatrix in the case at bar affecting the interests in the trust fund which the donees of the power were to enjoy during their respective lives. We are of opinion that the testatrix could not thereafter, having conferred upon them a general power of appointment, legally make another form of spendthrift trust, to the end that the power having been exercised, the appointed property should still remain beyond the reach of the creditors of the donees. The purpose of the testatrix in this respect must be disregarded.

We have carefully considered the case of *Fleming's Estate*, 219 Penn. St. 422, which has been relied on by the appellant. We cannot follow it, since, if read in one light, it is opposed to the equitable doctrine before referred to as having been established in *Clapp* v. *Ingraham*, 126 Mass. 200, and, if read in the only other light possible, it is contrary to what we have already said in *Old Colony Trust Co.* v. *Clarke*, 291 Mass. 17. The case of *Bundy* v. *United States Trust Co. of New York*, 257 Mass. 72, is not inconsistent with the conclusion reached here, that the exercise of the power by the donee is valid.

The decree entered in the Probate Court instructing the petitioner to pay the appointed property involved to the executors in Massachusetts of the donee is correct. *Olney* v. *Balch*, 154 Mass. 318. *Lovejoy* v. *Bucknam*, 299 Mass. 446, 454. It is affirmed, and costs and expenses of this appeal as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*