ARTHUR W. BLAKEMORE, trustee, *vs.* JANET H. JONES & others.

Norfolk.        March 7, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Trust*, Spendthrift.

Under the provisions of a trust under a will that payments thereunder to beneficiaries should be made to them directly "on his or her personal receipt only or applied to his or her benefit without power of anticipation or assignment and without liability for his or her debts or liabilities," no part of the interest in the income of the trust of one who had been both a beneficiary and a trustee thereunder could be taken by the surety on his bond as trustee who had made pay-

ments toward satisfying liability due to breaches of his bond and had taken from a succeeding trustee an assignment of all interest of the trust estate against him and all the estate's right to reach and apply or retain his interest as beneficiary.

PETITION, filed in the Probate Court for the county of Norfolk on July 19, 1938, for instructions.

The first and second prayers of the petition were as follows: "1. Whether the income and fees already paid said Janet H. Jones should be deducted from the amounts payable by said Maryland Casualty Company for breach of bond. 2. Whether these petitioners should in the future pay to said Janet H. Jones her share of the income in due course as provided in said will." The case was reserved and reported by *McCoole, J.*

*A. W. Blakemore,* stated the case.

*C. C. Colby,* for the respondents Janet H. Jones and another.

*A. Brayton,* for the respondent Maryland Casualty Company.

*R. B. Heavens,* for the respondent Bradford Jones.

LUMMUS, J. Janet H. Jones was one of two trustees under the residuary clause of the will of Everett Jones late of Brookline, who died April 25, 1919, and whose second wife she was. Through want of good judgment on the part of her co-trustee, now deceased, and without any moral fault on her part, she was charged with liability to the principal of the trust in the sum of $32,041.27 and to the income account in the sum of $26,474.27. She was and is financially irresponsible. The surety on her bond paid to the petitioner, the succeeding trustee, $32,000, and received a release from him and an assignment of the claims of the trust estate against Janet H. Jones arising out of her conduct as trustee and including any right by way of equitable lien or otherwise to reach and apply or retain any of the interest of Janet H. Jones as a beneficiary of the trust estate. The surety demands that the trustee pay to it all income, past, present and future, given by the will to Janet H. Jones. The trustee asks instructions as to his duty.

The will gave the residue of the estate to trustees "to

hold the same in trust . . . and pay the income in quarterly payments and in equal shares to my wife and two children," with provisions for a reduction of her share of the income should she marry, for a distribution to the children of parts of the principal upon their attaining certain ages, and for the distribution at her death of the remaining principal of the trust to the children. See *Flye* v. *Jones*, 283 Mass. 136. The tenth paragraph of the will was as follows: "All payments both principal and income made under the provisions of this will shall be made directly to the several beneficiaries named on his or her personal receipt only or applied to his or her benefit without power of anticipation or assignment and without liability for his or her debts or obligations."

We assume that by the assignment or by subrogation or by both the surety has succeeded to the rights of the trust estate against Janet H. Jones. *American Surety Co. of New York* v. *Vinton*, 224 Mass. 337. When she procured the surety to become such, she expressly agreed to indemnify it against loss. The surety relies on the principle stated in Am. Law Inst. Restatement: Trusts, § 257, as follows: "If a trustee who is also one of the beneficiaries commits a breach of trust, the other beneficiaries are entitled to a charge upon his beneficial interest to secure their claims against him for the breach of 'trust." *Belknap* v. *Belknap*, 5 Allen, 468. *Harmon* v. *Weston*, 215 Mass. 242, 247, 248. *Cogswell* v. *Weston*, 228 Mass. 219. *In re Brown*, 32 Ch. D. 597. *Edgar* v. *Plomley*, [1900] A. C. 431. *Raynes* v. *Raynes*, 54 N. H. 201, 210, 211. See also cases where the interest of a beneficiary, not a trustee, has been taken to make good his liability to the trust estate. *Crocker* v. *Dillon*, 133 Mass. 91, 102. *Stetson* v. *Moulton*, 140 Mass. 597. *Hammond* v. *Hammond*, 169 Mass. 82, 85. *Minot* v. *Purrington*, 190 Mass. 336, 342. *Allen* v. *Stewart*, 214 Mass. 109, 113. *Bailey* v. *Smith*, 214 Mass. 114, 120. *Corkery* v. *Dorsey*, 223 Mass. 97. Am. Law Inst. Restatement: Trusts, §§ 251–256. *In re Dacre*, [1915] 2 Ch. 480, affirmed [1916] 1 Ch. 344. Compare *Abbott* v. *Foote*, 146 Mass. 333.

The quoted statement of principle, we think, has application only where the interest of the trustee as beneficiary is in its nature liable to be reached by creditors. In a case like the present the trust estate is only a creditor, although if that principle be applied it is to some extent a secured creditor. In this case the spendthrift provision in the will of the testator precluded creditors from reaching the interest of Janet H. Jones. Such a provision has long been given effect in this Commonwealth. *Broadway National Bank* v. *Adams*, 133 Mass. 170. *Bucknam* v. *Bucknam*, 294 Mass. 214, 216, and cases cited. *Burrage* v. *Bucknam*, 301 Mass. 235. *State Street Trust Co.* v. *Kissel*, 302 Mass. 328, 334. It is true that in some jurisdictions encroachments have been made upon the doctrine that a testator or settlor, by a spendthrift trust, can protect from the claim of creditors the equitable interest given to furnish a secure living for a beneficiary. One of those encroachments is that the interest of a beneficiary under a spendthrift trust may be taken to make good his liability for a breach of trust in his capacity as trustee. Am. Law Inst. Restatement: Trusts, § 257, Comment *f*. *Matter of Burr*, 143 Misc. (N. Y.) 877. See also *Raynes* v. *Raynes*, 54 N. H. 201, 210, 211.

In *Bucknam* v. *Bucknam*, 294 Mass. 214, we declined to follow Am. Law Inst. Restatement: Trusts, § 157, in approving another of those encroachments. In the present case we think that the interest of Janet H. Jones in the income of the trust estate cannot be taken to make good her default as trustee. This conclusion is supported by authority elsewhere. *Overman's Appeal*, 88 Penn. St. 276. *Stanley* v. *Stanley*, 7 Ch. D. 589.

The alternative methods of disposition of the income of each beneficiary, given to the trustees by the will to be exercised at their election, cannot be narrowed by an instruction to the present trustee to apply the income to the payment of the liability of Janet H. Jones to the trust estate or the surety. Besides, it does not appear that in her financial condition an application of her income without her consent to the discharge of her liability would be

an application of it to "her benefit." If it were, so would the discharge of any other past debt or liability, and the way would be open to deprive the beneficiary of the secure living which the testator intended to provide. *Bucknam* v. *Bucknam*, 294 Mass. 214, 219, 220.

The first prayer for instructions in the petition is answered in the negative. The second is answered in the affirmative. These are the only present questions. The costs and expenses of the trustee may doubtless be included in his account. Those of other parties are not allowed.

*Ordered accordingly.*