In re Fernando Gregorio DIAZ, Debtor.

Erwin B. NACHMAN, Trustee, Objector,

v.

Fernando Gregorio DIAZ, Debtor.

Bankruptcy No. 84–00547–NN.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

June 18, 1985.

———

Richard W. Hudgins, Newport News, Va., for debtor.

Erwin B. Nachman, of Frank, Poinsett, Nachman & Frank, Newport News, Va., trustee.

## MEMORANDUM OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This debtor, Fernando Gregorio Diaz, has two Keogh retirement plans for self-employed individuals, one each with American Birthright Trust (Massachusetts) and Bond Fund of America, Inc. (California) which he claims exempt by virtue of the Bankruptcy Code, 26 U.S.C. § 401(a) and 29 U.S.C. § 1056(a).

The Trustee, Erwin B. Nachman, objects to the exemptions and claims the res for the bankruptcy estate.

Really, the Court of Appeals for the Fourth Circuit has spoken clearly on the issue in an *evolving* review of opinions commencing with *Tenneco v. First Virginia Bank of Tidewater*, 698 F.2d 688 (4th Cir.1983). There followed *Smith v. Mirman*, 749 F.2d 181 (4th Cir.1984); and *Hovis v. Wright*, 751 F.2d 714 (4th Cir.1985).

That Court has consistently followed the nonassignment, non-alienation rule for "ERISA" retirement plans. 29 U.S.C. § 1056.

And now, the latest, just a few days out, *McLean v. Central State*, 762 F.2d 1204 (4th Cir.1985) is, indeed, very much on point.

■ The single factor to be searched out is whether the restrictions on transfer in the trust agreements are enforceable under state law, Massachusetts and California law, respectively, which governs.[1]

Too, it makes little sense in these ERISA/Keogh plans to interject the settlor-beneficiary issue. Obviously, it has to be that way by the very nature of the thing. One, encouraged by public policy and law initiates something for the leaner days of retirement. It can be well argued that the employer is the settlor; therefore, the settlor and the beneficiary are not the same. Under Keogh, one is self-employed, but in truth the employer is a different entity, legally. I say it makes no difference. The

---

1. The documents tendered are far from complete. The Court finds the parties have stipu-

lated to the non-alienation features of these trusts.

saving graces should not be defeated by such a technicality. It is not a matter of a fellow settling a sum upon himself in a spendthrift fashion. While generally public policy rejects that, public policy favors making provision for one's old age.

The Bond Fund of America Trust recites it is governed by the laws of the State of California. [Section 14] And California law recognizes the validity of spendthrift trusts. *Canfield v. Security First National Bank of Los Angeles,* 13 Cal.2d 1, 87 P.2d 830 (1939).

The Massachusetts document, American Birthright, is silent on the governing law. The document furnished the Court is pitifully brief; however, we find ample references to conclude that Massachusetts law pervades[2] and it, too, accords validity to spendthrift trusts. *Boston Safe Deposit & Trust Co. v. Collier,* 222 Mass. 390, 111 N.E. 163 (1916); *State Street Trust Co. v. Kissel,* 302 Mass. 328, 19 N.E.2d 25 (1939).

The Court overrules the Trustee's objection and allows the debtor's claimed exemption.

IT IS SO ORDERED.

The parties should be advised that my learned colleague in the Richmond Division, The Honorable Blackwell N. Shelley, has just decided in *Parkinson v. Bradford Trust Co. of Boston,* 50 B.R. 67 (Bkrtcy. E.D.Va.1985), that such Keogh funds belong to the Trustee. If Massachusetts law applies rather than the Virginia law that Judge Shelley applies, at the risk of being wrong I would dissent.[3]

Yes, we have decided that ERISA law pertains to Keogh plans.

It is FURTHER ORDERED that a copy of this Order be forwarded to Richard W. Hudgins, Esquire, Attorney for the debtor; Erwin B. Nachman, Esquire, Trustee and to Fernando Gregorio Diaz, debtor.

2. For instance, the contract was accepted in Massachusetts.

3. Judge Shelley's is a long and well reasoned opinion with especially keen insight into Virginia spendthrift law, *if* that applies. He did not have the benefit of the *McLean* case.